**STANDARD LEASING COMPANY,**
**Plaintiff,**

v.

**PERFORMANCE SYSTEMS, INC.,** Formerly **Minnie Pearl Chicken Systems,**
**Inc., Defendant.**

**Civ. A. No. 2–926.**

United States District Court,
N. D. Texas,
Amarillo Division.

Jan. 12, 1971.

**978**

Cleo G. Clayton, Jr., Clayton & Clayton, Amarillo, Tex., for plaintiff.

Robert R. Sanders, Sanders, Miller & Baker, Amarillo, Tex., for defendant.

WOODWARD, District Judge.

## MEMORANDUM OPINION AND ORDER

On this date the Court has undertaken consideration of the motions of Defendant, Performance Systems, Inc., for a more definite statement, to quash service and dismiss for lack of jurisdiction in the above entitled and numbered cause. For the following reasons, the Court is of the opinion that these motions should be denied.

This action is brought against Defendant, a Tennessee corporation, for the alleged breach of equipment lease agreements executed by Defendant to Financial South Leasing Corporation, a Louisiana corporation, and assigned by the latter company to Plaintiff Standard Leasing Company, a Texas corporation. Service was made on Defendant pursuant to Article 2031b, Vernon's Annotated Texas Civil Statutes. Defendant urges that it has never engaged in business in Texas within the meaning of Article 2031b, that the assignment of the lease ageement to Plaintiff does not constitute doing business here, and that Article 2031b is violative of due process in that it has inadequate provisions for notice.

The United States Supreme Court and the Texas cases outline three basic factors which should coincide if jurisdiction over a nonresident defendant is to attach: (1) the nonresident defendant must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, considering the convenience of the parties, the extent and nature of the activity, the benefits of the laws of the forum state afforded the respective parties, and the basic equities of the situation. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); O'Brien v. Lanpar Company, 399 S.W.2d 340 (Tex.1966); Sun-X In-

ternational Company v. Witt, 413 S.W.2d 761 (Tex.Civ.App.—Texarkana, 1967).

■ Defendant meets the first requirement above, as shown by Exhibit F to the Petition for Removal and Plaintiff's opposition to Defendant's motions. This Exhibit F is an express agreement by Defendant in language indicating that Defendant agreed to pay to Plaintiff at its office in Amarillo, Potter County, Texas, the assigned lease rentals and other payment obligations as they became due. This agreement, which is appended hereto for reference, was made by Defendant at the time Plaintiff purchased the lease rentals from the original lessor. The instant case is factually akin to Custom Leasing, Inc. v. Gardner, 307 F.Supp. 161 (N.D.Miss.1969) which held that there were sufficient contacts within Texas. Article 2031b, Revised Civil Statutes of Texas, provides that a nonresident is deemed to be doing business in this state "by entering into a contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State."

It is alleged that Defendant made payments for more than a year, then defaulted. In Uvalde Rock Asphalt Company v. Consolidated Carpet Corporation, 457 S.W.2d 649 (Tex.Civ.App.—Beaumont, 1970), it was held that part payment by a foreign corporation under the terms of a wholesaler's contract with a domestic corporation constituted sufficient contact with the forum to make the foreign corporation subject to the jurisdiction of the forum state courts. The foreign corporation made two payments to Uvalde in Texas in accordance with the contract. "It is our opinion that the payment of $3,473.73 in Texas determined that the foreign corporation * * * had sufficient contact, ties or relations with the forum, and participated in the kind of activities in Texas so as to make it subject to the jurisdiction of the State of Texas. Such contacts, minimal though they may be * * * do not offend the traditional notions of fair play and substantial justice."

It is clear that the suit is for the alleged default of payments under the assigned lease agreement and meets the requirements of ground (2) above. As to ground (3), under Uvalde, there is nothing offensive or inherently unfair in asking Defendant to litigate here.

Furthermore, Defendant's answers to interrogatories indicate a continuing course of business within the State of Texas in the operation of its chain outlets. Though technically irrelevant, this fact lends additional support to Plaintiff's contention that Defendant is doing business within the State of Texas.

■ In Defendant's motion for a more definite statement, it is urged that the Plaintiff has alleged only that Defendant "does business within the State of Texas while admitting that Defendant does not maintain a place of regular business in the State of Texas," and therefore that the petition does not allege jurisdictional facts sufficient to bring Defendant within the provisions of Article 2031. However, Plaintiff is here merely tracking the statute; it is necessary to allege that Defendant does not maintain a regular business in the state or have a resident agent who can be served as a prerequisite to obtaining service through the Secretary of State. McKanna v. Edgar, 388 S.W.2d 927 (Tex.). The allegation that Defendant "does business within the State of Texas" cannot be objectional as insufficient since, again, this is merely what the statute requires.

Rule 12(e), F.R.Civ.P., provides that if a pleading is so "vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement * * *." There is neither vagueness nor ambiguity here.

Accordingly, it is ordered that Defendant's Motion for More Definite Statement, Motion to Quash Service and Dismiss for Lack of Jurisdiction should

be, and the same hereby are in all things denied.    The Clerk will furnish a copy hereof to all attorneys.

APPENDIX
EXHIBIT "F"

Standard Leasing Company
205 East Tenth Avenue.
Amarillo, Texas

Gentlemen:

Whereas, certain of undersigned's lease rental obligations have been assigned to you by assignment, a photocopy of which is attached hereto and referred to for particularizing such assigned rental obligations and the lease agreement creating such rental obligations, and you hold a security interest in the contract rights of lessor and the leased equipment to secure rental payments and other obligations in such lease agreement contained, THEREFORE, we agree:

(1) To pay directly to you at your office in Amarillo, Potter County, Texas, the assigned lease rentals and other payment obligations as they become due, as well as all taxes and governmental charges levied, imposed or assessed upon such leased equipment or the use thereof in a sufficient time prior to the due date thereof so as to prevent any delinquency in payment thereof or the imposition of delinquent penalty or interest.

(2) Notify you forthwith of any loss or damage to any such leased equipment, or any part thereof.

(3) Such lease assignment is valid and subsisting and that the lease rentals assigned to you are net and not disputed by undersigned, and no contract, accounts, offsets or counterclaims whatsoever exist against such assigned rentals and that the rental obligations are not contingent on the fulfillment of any contract, past or present; that such lease constitutes the only agreement, verbal or written, existent between undersigned and lessor regarding either the equipment leased or any subject matter of such lease agreement.

To certify which, executed this _5th_ day of _May_ ,19_69_.

Performance Systems, Inc.
(formerly Minnie Pearl Chicken System, Inc.)
Undersigned                (Name)

BY:_____ . V.P.
Undersigned

_____
Undersigned

_____
Undersigned

Attach Appropriate Acknowledgements

[A3608]

## CORPORATE ACKNOWLEDGMENT
### (Florida and Ohio require the knowledgment by two corporate officers)

STATE OF _Tennessee_

COUNTY OF _Davidson_

I hereby certify that on this _5th_ day of _May_, 19_69_, in _Nashville_ (place) in said County, before me _Carolyn F. Batson_, a Notary Public duly qualified in and for the County of _Davidson_, State of _Tenn_, personally appeared _W. B. Symonds_ to me
(Name of Officer)
personally well known to be the identical person who signed the within and foregoing instrument of writing in his

own proper handwriting and well known to me to be and who acknowledged himself to be the _VICE-PRESIDENT_
(Title of Officer)
of _PERFORMANCE SYSTEMS, INC._ the corporation which executed the same, and produced and delivered the same
(Name of Corporation)
before me, and who, being by me first duly sworn, did say that he is such officer of the aforesaid corporation, the within named Lessee; and being authorized so to do, executed the foregoing instrument; that he was duly authorized to execute said instrument for and in the name of said corporation and make this acknowledgment; that he knows

the contents of said instrument; that he resides at _2708 Franklin Road_; that he knows the seal of said corporation; that the seal affixed to said instrument is the corporate seal of said corporation; that said instrument was signed, sealed and delivered on behalf of said corporation by authority of its Board of Directors, and

said _W. B. Symonds_ (person) acknowledged that he executed said instrument as his free, true and lawful act and deed and the free, true, lawful and corporate act and deed of said corporation. In pursuance of said authority by him in his said capacity and by said corporation voluntarily executed for the use, purposes and consideration therein mentioned and contained and set forth, by signing the name of the corporation by himself as such officer.

Witness my hand and official seal the day and year in this certificate first above written.

My Commission expires

_8/10/69_

_Carolyn F. Batson_
Notary Public in and for

_Davidson_ County, State of _Tennessee_

Residing at _712 Desmond Dr._

[A36091]