**U–ANCHOR ADVERTISING, INC., Appellant,**

v.

**N. H. BURT, dba Granot Lodge, Appellee.**

**No. 8668.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 22, 1976.

Rehearing Denied Dec. 20, 1976.

Hal Miner, Amarillo, for appellant.

Kenneth A. Back, Amarillo, for appellee.

ROBINSON, Justice.

Plaintiff in this suit for breach of contract sought jurisdiction over the nonresident defendant under the long-arm statute. The nonresident defendant made his special appearance to challenge jurisdiction. The trial court, after a hearing, sustained the challenge. The plaintiff appeals. Affirmed.

The plaintiff is a Texas advertising corporation which went into Oklahoma in order to solicit business from defendant. Defendant and an agent for the plaintiff executed a contract in Oklahoma calling for plaintiff to erect five roadside advertising signs in Oklahoma for defendant. Payment for the signs was to be made in Potter County, Texas. Defendant made several payments by mail to plaintiff before allegedly defaulting. Defendant is not a Texas resident, maintains no place of business in Texas, and has no agent for service in Texas. Plaintiff sued defendant in Potter County, Texas, and obtained service on defendant by serving the Texas Secretary of State.

Defendant filed his Tex.R.Civ.P. 120a special appearance, and the trial court dismissed the case for want of jurisdiction after a hearing on the special appearance motion. On appeal, plaintiff contends that defendant was doing business within the meaning of Vernon's Ann.Civ.Stat.Ann. art. 2031b (1964), and that defendant had sufficient contacts with the State of Texas so that to sustain jurisdiction over him would not offend traditional notions of fair play and substantial justice.

Article 2031b, § 4, provides as follows:

For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, joint stock company, association, partnership, or non-resident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State.

█ There can be no question that the nonresident defendant was "doing business" within the meaning of the statute. The contract was performable in Texas, to the extent that it required the defendant to make his payments in Potter County, Texas. *Standard Leasing Co. v. Performance Systems, Inc.,* 321 F.Supp. 977 (N.D.Tex. 1971); *Custom Leasing, Inc. v. Gardner,* 307 F.Supp. 161 (N.D.Miss.1969); *Estes Packing*

*Company v. Kadish & Milman Beef Co., Inc.,* 530 S.W.2d 622 (Tex.Civ.App.—Fort Worth 1975, no writ).

█ It is not enough, however, that the facts of a case fit into the provisions of art. 2031b, § 4. If they do, the court must still determine whether, under the facts of the particular case, the exercise of jurisdiction over the nonresident defendant offends the due process requirements of the 14th Amendment to the United States Constitution. *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 491–92 (5th Cir. 1974); *Atwood Hatcheries v. Heisdorf & Nelson Farms,* 357 F.2d 847 (5th Cir. 1966); *Estes Packing Company v. Kadish & Milman Beef Co., Inc., supra,* 530 S.W.2d at 623–24; *Pizza Inn, Inc. v. Lumar,* 513 S.W.2d 251 (Tex. Civ.App.—Eastland 1974, writ ref'd n. r. e.).

In *O'Brien v. Lanpar Company,* 399 S.W.2d 340, 342 (Tex.1966), our Supreme Court articulates three basic elements which must coincide to sustain jurisdiction over a nonresident defendant, as follows:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

█ Due process requires that the nonresident defendant have certain minimum contacts with the forum state out of which the cause of action arose. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Factors to consider in determining whether or not there have been minimum contacts with the forum are:

(1) The nature and character of the business;

(2) The number and type of activities within the forum;

(3) Whether such activities give rise to the cause of action;

(4) Whether the forum has some special interest in granting relief; and

(5) The relative convenience of the parties.

*Hearne v. Dow-Badische Chemical Company,* 224 F.Supp. 90, 99 (S.D.Tex.1963); *Sun-X International Company v. Witt,* 413 S.W.2d 761, 765 (Tex.Civ.App.—Texarkana 1967, writ ref'd n. r. e.); and *Trinity Steel Company v. Modern Gas Sales & Service Co.,* 392 S.W.2d 861 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.). It is essential that there be some act "by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla, supra.*

Plaintiff cites several cases in which the courts sustained jurisdiction on facts similar to these. In *Estes Packing Company v. Kadish & Milman Beef Co., Inc., supra,* the plaintiff shipped meat to the nonresident defendant on the basis of an order given by the defendant to a broker, who gave the order to plaintiff for a commission. Plaintiff's invoice, which stated that it was payable in Fort Worth, was sent with the meat. When plaintiff sued for the purchase price, the court found the minimum contacts sufficient to sustain jurisdiction in Texas. And in *National Truckers Service, Inc. v. Aero Systems, Inc.,* 480 S.W.2d 455 (Tex. Civ.App.—Fort Worth 1972, writ ref'd n. r. e.), the court sustained jurisdiction over a nonresident who executed a guaranty agreement performable in Texas and mailed it into the state.

Similarly, in *Standard Leasing Co. v. Performance Systems, Inc., supra,* the Federal district court found art. 2031b applicable when the nonresident Tennessee defendant executed an equipment lease agreement with a Louisiana company, which assigned the contract to the Texas plaintiff. The nonresident was held amenable to suit in a Texas federal district court by virtue of having made several payments to the Texas company before allegedly defaulting.

There is another line of cases, however, which we believe more accurately reflects the proper consideration which must be accorded the due process requirements. In *Pizza Inn, Inc. v. Lumar, supra,* the nonresident defendant not only sent franchise fee payments into Texas, but he came to Texas himself for negotiations, and subsequently executed the franchise agreement and mailed it to the plaintiff in Texas. The court properly found that the defendant had established the minimum contacts necessary to meet the due process requirements. Those contacts are substantially more significant than the ones in the case before us.

■ In contrast, where the nonresident defendant never came to Texas in connection with the transaction, and all negotiations and payments occurred out-of-state, but the plaintiff shipped merchandise to the defendant FOB Houston, the court held that the minimum contacts had not been established. *Sun-X International Company v. Witt, supra.* This is because the activity relied upon to establish the minimum contacts may not be the mere unilateral acts of the plaintiff in the forum state. *Hanson v. Denckla, supra; Omniplan, Inc. v. New America Development Corp.,* 523 S.W.2d 301 (Tex.Civ.App.—Waco 1975, no writ). But compare *Uvalde Rock Asphalt Co. v. Consolidated Carpet Corporation,* 457 S.W.2d 649 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.), where there was a similar contractual arrangement, except that the nonresident defendant had the merchandise shipped from one point in Texas to another for its benefit, and the defendant made payments into Texas. The addition of these minimum contacts were necessary to establish jurisdiction.

■ It is not enough that the nonresident defendant merely do some act or transaction in Texas which gives rise to the cause of action. In addition, the assump-

tion of jurisdiction must not offend traditional notions of fair play and substantial justice, consideration being given, *inter alia* to the quality, nature and extent of the activity in Texas and the benefits and protection of the laws of the State of Texas afforded the defendant. *International Shoe Company v. Washington, supra; O'Brien v. Lanpar Company, supra.* The contract in the case *sub judice,* with the exception of the place of payment, was referable entirely to the State of Oklahoma. Moreover, we cannot say that by making payments in Texas, the defendant was afforded any real benefit and protection of the laws of the State of Texas.

It is our opinion that on the facts before us, the mere agreement to make payments in Texas does not establish the minimum contacts with this State sufficient to satisfy the due process requirements for long-arm jurisdiction and to require the defendant to come into Texas to defend the suit. The plaintiff's contention that permitting the suit to be prosecuted in Texas would not offend traditional notions of fair play and substantial justice is overruled. The judgment of the trial court is affirmed.