DIVERSIFIED RESOURCES
CORPORATION, Appellant,

v.

GEODYNAMICS OIL AND GAS,
INCORPORATED, Appellee.

No. 1218.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 3, 1977.

Rehearing Denied Nov. 30, 1977.

David Olsen, LeRoy S. Axland, Suitter, Axland & Armstrong, Salt Lake City, Utah, for appellant.

C. M. Henkel, Dyer & Henkel, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This suit on a note and a settlement agreement was instituted on October 28, 1975, in the 214th District Court of Nueces County, Texas by Geodynamics Oil and Gas, Inc., against Diversified Resources Corporation. Plaintiff is a Pennsylvania corporation having its principal office in Corpus Christi, Nueces County, Texas. Defendant is a Nevada corporation with its principal place of business in Glenville, Illinois. Citation was served upon the Secretary of State of Texas as the agent of the defendant for service of process under Tex.Rev.Civ.Stat.

**98**

art. 2031b (1964).[1]  Whereupon defendant entered a special appearance to contest jurisdiction of the Texas court pursuant to Rule 120a, T.R.C.P.  The trial court denied defendant's plea to the jurisdiction.  Trial to the court without a jury was then commenced and judgment on the note and agreement was entered for plaintiff.  Defendant appeals.

The sole question presented by this appeal is whether the trial court had jurisdiction over the defendant.

Defendant and plaintiff here entered into a settlement of a lawsuit # CA–71–C–209 in the United States District Court, Southern District of Texas, Corpus Christi Division.  The resulting agreement, executed on June 24, 1974, required, among other things, payments in Corpus Christi, Texas, to plaintiff by defendant in the following manner:

1) $10,000 in cash contemporaneously with the execution of the agreement.
2) $5,000 in cash within 45 days from the date of execution of the agreement.
3) Execution of an installment promissory note for $70,000 to be paid as therein provided.

Defendant paid the $10,000, but failed to pay all installments on the note, and failed to pay the $5,000.  This suit resulted.

■ Our Supreme Court in *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.Sup. 1966) recognized the three elements necessary to sustain jurisdiction over a nonresident:

".   .   . (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

It is essential, therefore, that defendant must have purposefully availed itself of the privilege of conducting activities within Texas and that the present cause of action arises from or is connected with such act or transaction.

■ In the instant case, plaintiff's cause of action is clearly based upon defendant's default on the note and agreement.  One issue is, therefore, whether defendant by entering into the agreement purposefully has done some act or consummated some transaction in Texas.  It is obvious that it has done so.  The first two requirements of *O'Brien* are thus satisfied.

We now move to a consideration of the third requirement of *O'Brien*, which is sometimes called the "due process" test.  In that regard, defendant argues that the trial court erred because the sole contact within the State of Texas which arises from the facts and circumstances of this transaction is that the promissory note calls for payment of principal and interest at the office of the plaintiff in Corpus Christi, Nueces County, Texas.  In support of this position defendant cites *U–Anchor Advertising, Inc. v. Burt*, 544 S.W.2d 500 (Tex.Civ.App.— Amarillo 1976), affirmed, 553 S.W.2d 760 (Tex.Sup.1977).  The *U–Anchor* case does stand for the proposition stated by the appellant; i. e., the fact alone of a foreign corporation's payments in Texas is not suf-

1. "Sec. 3.  Any foreign corporation .  .  . that engages in business in this State, .  .  . and does not maintain a place of regular business in this State or a designated agent upon which service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, .  .  . of the Secretary of State of Texas as agent upon whom service of process may be made in any action, .  .  . arising out of such business done in this State, .  .

Sec. 4.  For the purpose of this Act, .  .  . any foreign corporation, .  .  . shall be deemed doing business in this State by engaging into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, .  .  ."

ficient to allow a Texas court to exercise in personam jurisdiction over that foreign corporation. We do not find that proposition to be controlling here however.

In *U–Anchor*, the only action of the non-resident defendant, Burt, was to pay in Texas for services rendered by U–Anchor in Oklahoma. The Court of Civil Appeals and the Supreme Court both were of the opinion that this act alone not only did not meet the requirement of purposefully conducted activities within the State but also that to allow jurisdiction over the defendant would offend the traditional notions of fair play and substantial justice.

In the case before us, there were contacts by the defendant in Texas other than the making of payments; to-wit, the settling of aforesaid lawsuit between the parties here and the making of an agreement to implement the settlement.

We hold, therefore, that the defendant by executing the note, which clearly reflected the payments were due in the State of Texas, and by executing the agreement which settled the lawsuit on file in the Southern District of Texas wherein the settlement was to be performed in the State of Texas, not only purposefully conducted business in the State of Texas but it also contracted to perform its obligations within the State of Texas, thus invoking the benefits and protections of this State's law. We hold also that the third requirement of *O'Brien* has been satisfied.

The judgment of the trial court is affirmed.