David Scott ALLEN and Dr. John E. ALLEN *v.* Roy BEENE and William TIPTON

CA 85-472                                        719 S.W.2d 281

Court of Appeals of Arkansas
Division II
Opinion delivered November 12, 1986

*The McMath Law Firm, P.A.*, by: *Mart Vehik*, for appellant.

*Gene O'Daniel*, for appellee

DONALD L. CORBIN, Judge. This is an appeal from an order of the Pulaski County Circuit Court registering a Texas default judgment entered against appellant, Dr. John E. Allen, and his son, David Scott Allen. We find no merit to appellant's contention that the Circuit Court of Harris County, Texas, lacked personal jurisdiction over appellant and that its judgment was unenforceable in this state and affirm.

The record reflects that the Texas default judgment was based upon a $25,000 promissory note which appellant, a resident of Arkansas, signed to guarantee the payment of legal services rendered to his son by appellees, Roy Beene and William Tipton. Appellant's son, a resident of Texas, had been charged in Texas with several criminal offenses. Before appellees were retained to represent appellant's son, they received a phone call from a Houston physician who had been asked by appellant to assist him in locating an attorney for his son. John Achor, a Little Rock attorney representing appellant, went to Houston and met with appellees concerning the criminal charges pending against appellant's son. Mr. Achor's trip expenses were paid for by appellant. Appellant subsequently contacted appellee Beene by telephone and a promissory note was mailed to appellant as a result of this conversation. It was signed by appellant in Little Rock and returned by mail to appellees. Appellant's son received a probated sentence and appellees made demand upon appellant for payment of the promissory note. Appellees filed suit in Texas to collect on the note and appellant was personally served in Little Rock by the Pulaski County Sheriff. There was testimony that appellees were contacted by David Bird, a Houston attorney, to negotiate a settlement and appellees delayed taking their default judgment against appellant for thirty or forty days. Appellant did not defend the lawsuit and a default judgment was entered against him. Appellees filed their Application For Registration Of Foreign Judgment pursuant to Ark. Stat. Ann. § 29-801 *et. seq.* (Repl. 1979) on September 5, 1984. On August 6, 1985, an order

was entered registering appellees' foreign judgment in the amount of $22,822.

Appellant argues that his contacts with Texas were not constitutionally sufficient to justify its exercise of personal jurisdiction over him. In this regard he relies upon the fact that the negotiations leading up to the execution of the promissory note took place by telephone; that the promissory note was signed by appellant in Arkansas and mailed to Texas; that the purpose of the note was to guarantee payment of legal fees incurred in Texas; and that appellant did not hire appellees to represent his son nor negotiate their fee.

Section 4 of Tex. Rev. Civ. Stat. Ann. art. § 2013b (Vernon 1964), the Texas "Long-Arm Statute," provides as follows:

> For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, joint stock company, association, partnership, or non-resident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State.

Article 2031b reaches as far as the federal constitutional requirements of due process will permit. *U-Anchor Advertising, Inc.* v. *Burt*, 553 S.W.2d 760 (Tex. 1977), *cert. denied*, 434 U.S. 1063 (1978). In *O'Brien* v. *Lanpar Co.*, 399 S.W.2d 340 (Tex. 1966), the Texas Supreme Court recognized the following statement of the three basic elements that must exist to sustain jurisdiction over a non-resident:

> '(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;
>
> (2) the cause of action must arise from, or be connected with, such act or transaction; and
>
> (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative

▪

convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.'

▪ In *Product Promotions, Inc.* v. *Cousteau*, 495 F.2d 483 (5th Cir. 1974), a dual test was set out for determining whether a court may take jurisdiction without depriving the defendant of due process: (1) The quality of the defendant's contacts with the forum state must be of such a purposeful nature that the court can determine that such contacts were deliberate rather than fortuitous so that the possible need to invoke the benefits and protections of the forum's laws was reasonably forseeable, if not foreseen, rather than a surprise, and (2) It must be fair and reasonable to require the defendant to come into the state and defend the action.

In *Diversified Resources Corp.* v. *Geodynamics Oil and Gas, Inc.*, 558 S.W.2d 97 (Tex. Civ. App. 1977), suit was brought against a foreign corporation on a note and settlement agreement. The court there determined the trial court had jurisdiction over the foreign corporation, stating:

> We hold, therefore, that the defendant by executing the note, which clearly reflected the payments were due in the State of Texas, and by executing the agreement which settled the lawsuit on file in the Southern District of Texas wherein the settlement was to be performed in the State of Texas, not only purposefully conducted business in the State of Texas but it also contracted to perform its obligations within the State of Texas, thus invoking the benefits and protections of this State's law.

*Id.* at 99. The evidence in *Diversified* established that there were contacts by the defendant in Texas in addition to the making of payments in that state. The Court of Civil Appeals of Texas also found jurisdiction over the person of the defendant in *Pizza Inn, Inc.* v. *Lumar*, 513 S.W.2d 251 (Tex. Civ. App. 1974). A Texas corporation brought suit there against a nonresident for breach of a franchise contract. The court concluded that the defendant was "doing business" in Texas as defined by Article 2031b by entering into a contract by mail with a resident of Texas, which contract was performable, at least in part, in Texas.

█ We agree with the trial court's determination in the case at bar that there were sufficient minimum contacts by appellant within the state of Texas enabling it to exercise personal jurisdiction over appellant. Appellee Beene testified that he had set a fee and was in the process of negotiating with appellant's son when appellant sent John Achor to meet with appellees in March. He stated that he decided in April that he would not represent appellant's son unless his fee was guaranteed by appellant. Appellant's action in executing a promissory note guaranteeing payment of his son's legal fees for legal services rendered by appellees in Texas constituted "doing business" in Texas within the purview of the Texas "Long-Arm" statute. The agreement was performable in Texas, the note was payable in Texas and there was also evidence of an attempted settlement of the debt in Texas. Furthermore, appellant contacted appellees in Texas and as a result of this conversation, appellees sent a promissory note for appellant to sign. We hold the evidence conclusively establishes that appellant purposefully elected to consummate transactions in Texas, that appellees' cause of action arose from and was connected with these transactions and that the assumption of jurisdiction by Texas did not offend traditional notions of fair play and substantial justice.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.