James H. O'BRIEN, Petitioner,

v.

LANPAR COMPANY, Respondent.

No. A-10947.

Supreme Court of Texas.

Feb. 2, 1966.

Rehearing Denied March 9, 1966.

Akin, Vial, Hamilton, Koch & Tubb, James A. Knox, with above firm, Dallas, for petitioner.

James H. Martin, Dallas, for respondent.

POPE, Justice.

The question is whether an Illinois court had jurisdiction over a defaulting Texas corporation when it rendered an in personam judgment against the nonresident Texas corporation. Plaintiff James H. O'Brien, an Illinois attorney, sued defendant Lanpar Company in Illinois and obtained a judgment for $2,848.25 and costs. Lanpar is a Texas corporation and was served with process in Texas. Plaintiff then brought suit in Texas upon that judgment and the trial court sustained defendant's motion for summary judgment, holding that the Illinois judgment was not entitled to full faith and credit in Texas. The Court of Civil Appeals affirmed the judgment of the trial court. 391 S.W.2d 483. We reverse the judgments below.

On June 24, 1960, Lanpar's president, Mr. W. W. Parmeter, went to Chicago and, after a conference, employed O'Brien

as the corporation's attorney to prosecute an action on its behalf in the Federal Court in Illinois. Lanpar agreed to compensate O'Brien on an hourly basis for his services. O'Brien successfully prosecuted the case in Illinois, and Lanpar paid a part of his fee but refused to pay the balance. O'Brien then filed suit. Process was served upon Lanpar at its place of business in Dallas by the Dallas County Sheriff. Defendant did not appear in answer to O'Brien's action, and the Illinois court granted default judgment for O'Brien. It is our opinion that the Illinois court had jurisdiction to render the in personam judgment and it is entitled to full faith and credit.

■ The validity of the Illinois judgment is controlled by the law of Illinois but must satisfy the due process clause. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942), cert. den., 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848, reh. den., 320 U.S. 811, 64 S.Ct. 31, 88 L.Ed. 490; United States Fidelity & Guaranty Co. v. Richey, 18 S.W.2d 231 (Tex.Civ.App.1929, writ ref.). O'Brien asserted jurisdiction over the nonresident Texas corporation under Sections 16 and 17, Illinois Civil Practice Act. Ill.Rev.Stat. 1960, ch. 110. The relevant portions are:

"16. (Personal service outside State). (1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State, or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.

"(2) The service of summons shall be made in like manner as service within this State, by any person over twenty-one years of age not a party to the action. No order of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit or any other competent proofs, in determining whether service has been properly made.
" * * *

"17. (Act submitting to jurisdiction —Process). (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts;

"(a) The transaction of any business within this State;
" * * *

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State."

Essentially the problem is whether Lanpar's president's act in going to Illinois and in making the contract to employ an attorney to act on the corporation's behalf in prosecuting the Illinois action, was "[t]he transaction of any business" in Illinois under Section 17(a), Illinois has repeatedly held that the quoted sections reflect a purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause. People, State of California v. Western Tire Auto Stores, Inc., 32 Ill.2d 527, 207 N.E.2d 474 (1965); Gray v. American Radiator and Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Nelson v. Miller, 11 Ill. 2d 378, 143 N.E.2d 673 (1957); Kropp Forge Co. v. Jawitz, 37 Ill.App.2d 475,

186 N.E.2d 76 (1962); See Haas v. Fancher Furniture Co., 156 F.Supp. 564 (N.D. Ill.1957).

■ The Supreme Court of the United States in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ushered in the concept that a state could assert in personam jurisdiction over a foreign corporation, assuming proper notice is given, if the foreign corporation has had certain minimum contacts with the state, saying:

"* * * [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"
"* * *

"But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."

The Supreme Court reasserted its minimum contacts test in McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). It there held that a Texas court should have given full faith and credit to a California judgment against a nonresident Texas corporation. Sufficient contacts with the forum existed because the defendant Texas corporation mailed a reinsurance certificate to a California resident in that state. The California resident accepted the offer and thereafter paid his premiums by mail from California. The Court wrote:

"* * * In a continuing process of evolution this Court accepted and then abandoned 'consent,' 'doing business,' and 'presence' as the standard for measuring the extent of state judicial power over such corporations. See Henderson, The Position of Foreign Corporations in American Constitutional Law, c. V. More recently in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Court decided that 'due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' Id., 326 U.S. at 316, 66 S.Ct. at page 158."

■ The Supreme Court of Washington in Tyee Construction Co. v. Dulien Steel Products Inc., 62 Wash.2d 106, 381 P.2d 245, 251 (1963) reviewed the concept and stated three basic factors which should coincide if jurisdiction over a nonresident corporation is to be entertained:

"* * * Such would appear to be: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

■ The Illinois judgment is entitled to full faith and credit. No one questions the fact that notice was given and that due

process was satisfied on that matter. The action was one which arose out of and was a part of the very contact for which Lanpar's agent visited Illinois. Lanpar's president purposefully went to Illinois to make contractual arrangements for an attorney. That contact was substantial rather than casual or fortuitous. Kaye-Martin v. Brooks, 267 F.2d 394 (7th Cir. 1959), cert. den., 361 U.S. 832, 80 S.Ct. 84, 4 L.Ed.2d 75. The contact and contract were made in Illinois. Cf. Grobark v. Addo Machine Company, 16 Ill.2d 426, 158 N.E.2d 73 (1959). Plaintiff O'Brien did not depend upon his own unilateral activity with respect to one who was outside and remained outside of Illinois, but upon the fact that Lanpar's agent contacted him in Illinois. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); 72 Harv.L.Rev. 695 (1959); See Thode In Personam Jurisdiction, 42 Tex.L.Rev. 279 (1964); Wilson, In Personam Jurisdiction Over Nonresidents: An Invitation and a Proposal, 9 Baylor L.Rev. 363 (1957); Stimson, 48 Am.Bar. Ass'n Jr. 725, 729 (1962); Annot., 49 A.L.R.2d 668 (1956).

Some confusion exists between the term "doing any business" used in the Illinois so-called Long-Arm statute and the phrase "transacting business" found in Article 8.01 of the Texas Business Corporation Act, V.A.T.C.S. The Texas Act specifically states that maintaining or defending any action or suit may not constitute transacting business in this State. It should be remembered, however, that it is the Illinois law and not the Texas law that is in point. Moreover, whether Illinois had in personam jurisdiction with respect to the matters arising out of the very contacts between Lanpar and O'Brien in Illinois is a different matter from the question whether Lanpar or any other nonresident corporation does or does not subject itself to actions generally. See Thode, 42 Texas L.Rev. 279, 298. Section 8.01 relates to the general intrastate regulation of corporations. This is a different problem from that of a state's power to assert jurisdiction over a nonresident corporation arising out of and limited to its contacts in the forum state.

Both O'Brien and Lanpar filed and urged motions for summary judgment. The trial court overruled O'Brien's motion, sustained defendant Lanpar's motion and rendered judgment that O'Brien take nothing. The intermediate court affirmed. We reverse the judgments of both courts and render judgment for plaintiff, James H. O'Brien, for the sum of $2,848.25 and costs in the sum of $25.35, that being the amount of the Illinois judgment. Rules 501, 505, Texas Rules of Civil Procedure; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958).