Accordingly, defendant's Motion to Dismiss should be and hereby is sustained.

Robert J. HAYES

v.

CALTEX PETROLEUM CORPORATION.

Civ. A. No. 70–C–199.

United States District Court,
S. D. Texas,
Corpus Christi Division.

March 5, 1971.

Ronald M. Yeager, Aransas Pass, Tex., for plaintiff.

Marshall Boykin, III, Corpus Christi, Tex., for defendant.

MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

Plaintiff sues for unpaid salary, for damages for breach of employment contract, and for exemplary damages. Defendant has moved to dismiss for three different reasons. The first reason is a lack of jurisdiction over the person of this Defendant, which is supported by affidavit setting forth facts hereinafter discussed which are uncontroverted and Plaintiff has requested no oral hearing on this matter.

In this case, the Defendant, a Delaware corporation with its principal place of business in New York, is not registered in Texas and maintains no office in this state and there are no officers of the corporation located within Texas. There is one employee who is located in Houston, Texas, and his only job is the interpretation of geophysical data in connection with foreign petroleum operations of affiliates of the Defendant. Caltex does purchase lubes from suppliers in Texas for export to foreign countries, F. O. B. Texas ports, and the shipping of such lubes is in the hands of an independent freight forwarder.

The Plaintiff, formerly an employee of the Defendant, has never worked for it in Texas and apparently has never lived in Texas. He was a resident of the state of Oklahoma at the time he was employed as an accountant by De-

fendant and was sent to Libya to work for one of its affiliates. When he resigned from the company, he went back to Oklahoma.

■ It seems to be well settled that before there can be personam jurisdiction over a Defendant, which is a foreign corporation, it must be reached by the Texas Long Arm Statute (Article 2031b, Vernon's Ann.Tex.Civ.St.), as same is construed by the Supreme Court of Texas.

The state of Texas, in O'Brien v. Lanpar Company, (Tex.) 399 S.W.2d 340 (1966), has established that before jurisdiction may be entertained over a nonresident corporation, such corporation must fit into this mold:

(1) It must purposely do some act or consummate some transaction in the state;

(2) The cause of action must arise from or be connected with such act or transaction; and

(3) The assumption of jurisdiction by the state must not offend traditional notions of fair play and substantial justice.

■ Two recent cases, Herndon v. Desco Marine, Inc., No. 68–C–77, and Mitsubishi Shoji Kaisha Ltd. v. MS Galini, Her Engines, Etc., et al., D.C., 323 F. Supp. 79, which involved "minimum contacts in Texas" are not in point here. We are of the opinion that the facts here involved do not bring this Defendant within the Texas construction of its Long Arm Statute. It is obvious that the cause of action between the Plaintiff and the Defendant herein did not arise from or is not connected with any activity of the lone employee in Houston, Texas, who is involved in interstate commerce.

This being the case, Defendant is entitled to a dismissal of this action; and there is no occasion to discuss the remaining two reasons Defendant put forth for dismissal.

This is a final order and is signed on this 5th day of March, 1971.