Carol Ann FRYE, Individually, and as next
friend of Judith Ann Frye, a mi-
nor, et al., Appellants,

v.

ROSS AVIATION, INC., a corp., Appellee.

No. 8490.

Court of Civil Appeals of Texas,
Amarillo.

April 7, 1975.

Kolander, Templeton & Hamilton, Rob-
ert L. Templeton, Amarillo, for appellants.

Stokes, Carnahan & Fields, O. P. Fields, Jr., Amarillo, for appellee.

ROBINSON, Justice.

From an order of dismissal on the theory of forum non conveniens, plaintiffs appeal. Modified to dismiss for want of jurisdiction, and affirmed as modified.

William Paul Frye was killed on May 19, 1972 when the Ross Aviation aircraft in which he was a passenger crashed at the Albuquerque, New Mexico, Airport shortly after take-off on a scheduled intrastate flight from Albuquerque terminating in Los Alamos, New Mexico. His widow, Carol Ann Frye, individually and as next friend for their children, and his mother, Peggy Frye who had qualified as administratrix of his estate in Randall County, brought this suit against Ross Aviation, Inc. and Beech Aircraft Corporation to recover damages for William Paul Frye's death. Decedent was a resident of New Mexico. Plaintiffs alleged by their petition that decedent's wife and minor children are residents of New Mexico and that decedent's mother is a resident of Amarillo, Texas.

Ross Aviation, Inc. filed a special appearance contesting the jurisdiction of the court and subject to its special appearance, a motion to dismiss on the theory of forum non conveniens. At the hearing plaintiffs' counsel testified without objection that, subsequent to the filing of the petition, and prior to the hearing, decedent's wife and children had moved to Amarillo, Texas. Defendant Ross Aviation offered in evidence the portion of plaintiffs' petition whereby plaintiffs alleged as follows: "Carol Ann Frye and her minor children are residents of the State of New Mexico. They reside at Los Alamos, New Mexico."

The trial court overruled the motion to dismiss for want of jurisdiction, but sustained Ross Aviation's plea of forum non conveniens, severed the case against Beech, and dismissed plaintiffs' case against Ross Aviation, Inc. Plaintiffs appealed, contending that the trial court erred in finding that the doctrine of forum non conveniens applies under the facts adduced by the defendant and further that under the provisions of Article 4678, Vernon's Ann.Civ. St., the trial court had no discretion, but was required to try the case once it found it had jurisdiction.

Defendant Ross contends by cross point that regardless of the application of the doctrine of forum non conveniens, the judgment of dismissal is correct because the courts of Texas lack in personam jurisdiction over Ross Aviation, Inc., in this case.

We first consider the question of jurisdiction. Ross Aviation, Inc., is a Delaware Corporation. It does not have a permit to do business in Texas. The principal business of Ross Aviation, Inc., is the performance of a contract with the Atomic Energy Commission under which Ross Aviation provides air transportation for A.E.C. personnel and cargo. The operation is conducted out of Albuquerque, New Mexico. The contract was made in New Mexico with the A.E.C. office in Albuquerque. There were no negotiations concerning the contract in the State of Texas. Ross aircraft come into Texas on an unscheduled basis and only when dispatched under A. E.C. orders. Such flights are frequent, averaging about one every other day. Ross Aviation does not own or lease any property in Texas. It does not have an office in Texas and has no personnel, employees, officers, agents or other people employed in or residing in the State of Texas. Ross does not solicit business in Texas.

There is no connection between any flight into Texas and the aircraft accident that caused Frye's death. The crash occurred in New Mexico and the witnesses to the crash as well as Ross's pilots and maintenance people who have information material to the case live in New Mexico.

Louis Pierce, a Vice President of Ross Aviation, testified that bringing the employees with relevant information to Amarillo for a trial would bring their operation to a virtual standstill.

■ The standard to be applied in determining whether a Texas court can maintain jurisdiction over a non-resident corporation in a case such as this where the defendant corporation does not have a permit to do business in Texas, has no office in Texas, solicits no business in Texas and has no agent or employees in Texas, is set out in the opinion of the Texas Supreme Court in O'Brien v. Lanpar Co., 399 S.W.2d 340 (Tex.1966). The three factors which we must consider are:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

Also see Odom v. Thomas, 338 F.Supp. 877 (S.D.Tex., Houston Div.1971) and Hayes v. Caltex Petroleum Corporation, 332 F.Supp. 1205 (S.D.Tex., Corpus Christi Div.1971.)

Here the defendant's activities in Texas did not give rise to, and in fact bear no relation to, the cause of action. Thus, Texas courts do not have jurisdiction of Ross Aviation.

■ By their reply brief appellant plaintiffs contend that defendant Ross implicitly accepted the court's jurisdiction by pleading the doctrine of forum non conveniens and further contends that appellee defendant "by continuing after the trial court had found jurisdiction and submitting its plea in abatement under the doctrine of forum non conveniens has made a general appearance before the court and thereby submits itself to the jurisdiction of the court for all purposes."

Rule 120a, Texas Rules of Civil Procedure provides in part as follows:

"Such special appearance shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion; provided, however, that a plea of privilege and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance."

Defendant's plea to dismisss on the ground of forum non conveniens was filed expressly subject to the special appearance. We conclude that defendant did not make a general appearance by filing its plea in abatement or by seeking a ruling thereon after the court found that it had jurisdiction.

■ Appellant plaintiffs next contend that the trial court's order overruling defendant's plea to the jurisdiction is not before this court because such an order is interlocutory and not appealable. It is true that an order overruling a plea to the jurisdiction may not be appealed until there is a final judgment in the case. Carpenter Body Works v. McCulley, 389 S.W.2d 331 (Tex.Civ.App.—Houston 1965, writ ref'd) However, in the case before us, the court entered a final judgment of dismissal The question is properly before us on appellee's cross point. The judgment of the trial court will be upheld if it is correct on any applicable theory of law whether the trial court gives the correct reason or any reason at all. Holbrook v. City of El Paso, 377 S.W.2d 669 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.). We hold that the trial court correctly dismissed the

cause, but should have done so for want of jurisdiction. The judgment is accordingly modified to dismiss the cause for want of jurisdiction.

We do not reach appellants' points of error concerning the scope of a plea of forum non conveniens or their point of error contending that Art. 4678 is mandatory so as to require the Texas courts to hear the cause once in personam jurisdiction is found.

The trial court's judgment is modified to dismiss the cause for want of jurisdiction. As modified, the judgment is affirmed.