Earl F. GATHERS, Appellant,

v.

WALPACE COMPANY, INC., et al., Appellees.

No. 7871.

Court of Civil Appeals of Texas, Beaumont.

Oct. 14, 1976.

Rehearing Denied Nov. 4, 1976.

Rex Woodard, Beaumont, for appellant.

Tom Lorance, Houston, for appellees.

KEITH, Justice.

Plaintiff below appeals from an order which sustained the objection of the defendants to the jurisdiction of the court under the provisions of Tex.R.Civ.P. 120a. We affirm for the reasons now to be stated.

Plaintiff's action was one for personal injuries and maintenance and care and he alleged that the trial court had jurisdiction under the provisions of the Jones Act, Title 46, U.S.C.A. § 688. He alleged only that he was "a resident of the United States" but there are no allegations in the petition which enlarge upon that bare statement. He alleged that while he was a seaman and a member of the crew of the Trawler GULF JETT in international waters, he sustained accidental injuries in the scope of his employment for which he sought damages, etc.

According to plaintiff's allegations, the two defendants were incorporated under the laws of some state other than Texas and he listed their addresses as being in the State of Florida. In the most general language, he alleged that each defendant was amenable to process served upon the Secretary of State of the State of Texas under the provisions of Tex.Rev.Civ.Stat.Ann. art. 2031b (1964).[1]

He did not, however, make any mention of the fact that the cause of action which he asserted arose from or was in any manner connected with defendants' purposeful acts in this state. In *O'Brien v. Lanpar*

1. Plaintiff alleged as to each defendant: ". . . such defendant does business in the State of Texas from time to time, but it does not have a designated agent for service of citation nor does it maintain a regular place of business in the State of Texas and, therefore, its agent for service of citation is the Secretary of State of the State of Texas under the provisions of Article 2031b of the Texas Civil Statutes."

*Company,* 399 S.W.2d 340, 342 (Tex.1966), the Court quoted from an out of state opinion saying that there were "three basic factors which should coincide if jurisdiction over a nonresident corporation is to be entertained:

" ' * * * Such would appear to be: (1) The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) *the cause of action must arise from, or be connected with, such act or transaction;* and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice . ..' " (emphasis supplied)

See also, A. Thomas, Jr., "Conflict of Laws", 29 Sw.L.J. 244, 248 (1975), where additional cases are considered.

In *Frye v. Ross Aviation, Inc.,* 523 S.W.2d 500, 502 (Tex.Civ.App.—Amarillo 1975, no writ), the court quoted the foregoing language from *O'Brien,* cited two lower federal court opinions, and held:

"Here the defendant's activities in Texas did not give rise to, and in fact bear no relation to, the cause of action. Thus, Texas courts do not have jurisdiction of *Ross Aviation.*"

So holding, the court dismissed the cause for want of jurisdiction. Id. at 503.

Plaintiff in the case at bar *failed to allege the existence* of all of the conditions which, under Art. 2031b, are a prerequisite to the acquisition of in personam jurisdiction by substituted service. See *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965), where the Court held:

"The provisions of Article 2031b are clear, and plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions."

Likewise, in *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94, 95 (Tex.1973), the Court said that, in order to support a default judgment upon substituted service as against a direct attack through writ of error proceedings:

"The pleadings must allege facts which, if true, would make the defendant responsible to answer,—or in the language of Rule 120a, contain allegations making the defendant 'amenable to process' by the use of the long-arm statute; . .."

*Accord: Day-Bright Lighting Div. v. Texas Metalsmith, Inc.,* 499 S.W.2d 336, 337 (Tex. Civ.App.—Dallas 1973, no writ); *Security Savings and Loan Association v. Ward,* 444 S.W.2d 366, 367 (Tex.Civ.App.—El Paso 1968, no writ); but, cf. *Collins v. Mize,* 447 S.W.2d 674, 675 (Tex.1969).

■ Plaintiff contends, and correctly so, that the burden was upon the defendant filing the special appearance under Tex.R. Civ.P. 120a of producing evidence to show lack of amenability to the long arm process. Professor Thode in his excellent article "Special Appearance", 42 Texas L.Rev. 279, 319 (1964), says:

"The language of the rule clearly places on the defendant the burden of pleading lack of jurisdiction. Although not spelled out as specifically as might be desired, the burden of producing evidence and the burden of persuasion are both on the defendant."

The author's footnote 220, following the foregoing, is reproduced here:

"More accurately, in this situation the defendant loses his motion to the jurisdiction if no evidence is produced on the issue of jurisdiction, or if evidence is produced, the defendant loses if he fails to persuade the trier of fact that the preponderance of the evidence is with him on the fact issues. 1 McCormick & Ray, Texas Evidence, § 41–45 (2d ed. 1956)."

Fortunately, the Texas cases have followed the view of the author. See, e. g., *Law, Snakard, Brown & Gambill v. Brunette,* 509 S.W.2d 671, 675 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e), and authorities therein cited.

■ However, we do not find such rule to be applicable to the case at bar where the plaintiff has failed to *plead* facts authorizing the issuance of process under the long arm statute. Professor Thode, in the

article cited earlier, went into the question in detail, finally concluding:

"The problem of the proper interpretation of article 2031b is not an easy one, but as demonstrated above a reasonable and procedurally sound argument can be made for not requiring the establishment of a cause of action as a jurisdictional fact. *The pleading of a tort arising in whole or in part out of contacts within the state should be sufficient.* Article 2031b should be interpreted to require that the contacts, and not the merits of the cause of action, are at issue in the jurisdictional hearing." (42 Texas L.Rev. at 326, emphasis supplied)

Since plaintiff failed to include in his petition all of the jurisdictional requirements for use of Art. 2031b, the trial court properly sustained defendants' objections to the jurisdiction of the court over the persons of said defendants.

Having considered each of plaintiff's points of error and finding no merit therein, the judgment of the trial court is affirmed.