**TALLY HO MOTEL et al., Appellants,**

v.

**Anita WILSON et vir., Appellees.**

**No. 1298.**

Court of Civil Appeals of Texas, Corpus Christi.

May 18, 1978.

Richard Hall, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellants.

James B. Williamson, LaPorte, for appellees.

OPINION

BISSETT, Justice.

This is an appeal from a default judgment. A statement of facts was not prepared. We reverse and remand.

Anita Wilson and husband, Herbert C. Wilson, filed suit against Tally Ho Motel and Romney International Hotels, Inc., on January 10, 1975, to recover damages allegedly sustained by Mrs. Wilson, when she, as a paying guest at the Tally Ho Motel, slipped and fell while walking from one portion of the Motel to another portion. She sought damages in the amount of $14,500.00. Plaintiffs filed a "Motion for Default Judgment" in the trial court on December 10, 1976, wherein, it was alleged, among other allegations, that the defendants "neither appeared in the cause nor filed an answer herein". Default judgment against the defendants in the amount of $14,500.00 was rendered on April 14, 1977. Defendants have appealed.

Defendants did not file an answer, nor did they make an appearance in the trial court. They were not present in the courtroom when the motion for default judgment was presented to the court, nor were they present when the court made its pronouncement and signed the judgment order.

The judgment recites:

"[A]nd the Court having heard and considered argument, finds that the Plain-

tiffs, Mrs. Anita Wilson and her husband, Herbert C. Wilson are entitled to judgment in the sum of $14,500.00 against the Defendants Tally Ho-Motel and Remney (sic) International Hotels, Inc. . . . "

Apparently, no evidence was heard by the trial court, but if evidence was heard, no request was made that the court reporter make a record of such evidence. In any event, a statement of facts was not prepared by the court reporter. The claim for damages was unliquidated.

An appellant against whom a default judgment is rendered in a suit where the claim of damages is unliquidated, and through no fault of his own is unable to obtain a statement of facts, is entitled to a new trial in order to have the case reviewed on appeal. See *Smith v. Smith*, 544 S.W.2d 121 (Tex.Sup.1976); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.Sup.1972); *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697 (Tex. Com.App.1936, opinion adopted); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd); *Kimmey v. El Campo Independent School District*, 566 S.W.2d 363 (Tex. Civ.App.), an opinion by this Court which was handed down on May 4, 1978, but which is unreported at this time.

We find that Tally Ho Motel and Romney International Hotels, Inc., defendants-appellants, through no fault of their own are unable to obtain a statement of facts. Under the circumstances, the appellants' right to have the case reviewed on appeal can be preserved in no other way than by a retrial of the case.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.