**TEXAS CRUSHED STONE COMPANY, Appellant,**

v.

**Eddie BAKER, Appellee.**

**No. 1235.**

Court of Civil Appeals of Texas, Tyler.

Jan. 18, 1979.

W. H. Connor, J. Parker McCollough, Georgetown, for appellant.

Jimmy Stewart, Lynch, Jolink, Zimmerman & Young, Austin, for appellee.

MOORE, Justice.

This is an appeal from a default judgment. Plaintiff, Eddie Baker, sued defendant, Texas Crushed Stone Company, for damages for breach of an employment contract alleging the company failed and refused to pay him his annual bonus. Citation was served on the defendant by serving E. B. Snead, president and registered agent for service of Texas Crushed Stone Company. No answer was filed by the defendant, and plaintiff moved for judgment by default. The cause was submitted to the court on January 20, 1978. After hearing the evidence as to the amount of damages, the trial court rendered judgment against the defendant for the sum of $763.90, including a $250.00 attorney's fee. Defendant filed a motion for new trial on January 26, 1978, six days after the default judgment was rendered. After a hearing on the defendant's motion, the court entered an order denying a new trial and the defendant perfected this appeal.

The evidence shows that citation was served upon Edwin B. Snead, president of Texas Crushed Stone Company on December 14, 1977. He delivered the petition to William B. Snead, chairman of the executive committee and secretary-treasurer of Texas Crushed Stone Company. William B.

Snead took the petition to James V. Isbell, office manager of Texas Crushed Stone Company, and a decision was made to refer the matter to Karl Moeller, Esq., an attorney in Austin, Texas, who has represented defendant in several other matters. Although Moeller was not on a retainer by the company, he had handled practically all of defendant's legal business in the past year. Isbell called Moeller with regard to the citation and was instructed by Mr. Moeller to forward the petition to him in Austin and he would take care of it. Isbell thereupon mailed the petition in a properly addressed envelope to Mr. Moeller for the purpose of having him respond to the lawsuit. For some reason, not shown by the evidence, Moeller failed to file an answer.

Defendant did not become aware of the default judgment until it received notice thereof from the County Clerk on January 24, 1978. Thereupon a motion for new trial was filed on January 26, 1978, which was accompanied by affidavits of two officials of the company.

The trial court filed findings of fact and conclusions of law, finding among other things, that: (a) no answer was filed by defendant; (b) plaintiff's claim was for unliquidated damages; (c) testimony was received by the court as to the amount of bonus due the plaintiff; and (d) no court reporter was present to transcribe any testimony or any other matters heard on plaintiff's motion for default judgment. The court concluded that, as a matter of law, the failure to have a court reporter present to transcribe the testimony for unliquidated damages did not require the granting of a new trial.

Defendant seeks a reversal on the ground that the testimony on which the default judgment was based was not recorded and consequently a new trial was required in order to preserve its right to have the cause properly reviewed on appeal. Plaintiff contends defendant waived its right to a statement of facts because on the motion for new trial at which a court reporter was present, defendant could have called the plaintiff as a witness and made a record of

what his testimony was at the time the default judgment was taken. Plaintiff further contends that defendant's failure to request the trial judge to prepare a statement of facts amounted to a waiver of its rights.

Our rules provide that where a claim is unliquidated, as here, the court must "hear evidence as to the damages." Tex.R.Civ.P. 243; *Southern S. S. Co. v. Schumacher*, 154 S.W.2d 283, 284 (Tex.Civ.App.—Galveston 1941, writ ref. w. o. m.). The question to be determined in this case is whether defendant is entitled to a reversal because of the lack of a record of the evidence adduced at the hearing made the basis of the default judgment.

█ If a party exercises due diligence and through no fault of his own is unable to obtain a record of the evidence adduced at the hearing for a default judgment, a new trial may be required in order to preserve his right to appellate review. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972); *Rogers v. Rogers*, 561 S.W.2d 172, 173–4 (Tex.1978); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex. Civ.App.—Dallas 1975, writ ref'd).

█ Where the appealing party, as here, was not present and was not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be deemed waived. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc., supra.*

In the recent case of *Rogers v. Rogers, supra,* 561 S.W.2d at 173, the Supreme Court makes it clear that diligence in obtaining a statement of facts in a default judgment case does not require the appealing party to exhaust the provisions of Tex. R.Civ.P. 377(d). In this connection the court made this statement:

> "An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a statement of facts."

█ We cannot agree with the contention that since a court reporter was present and transcribed the proceeding on the motion for new trial, defendant could have subpoenaed the plaintiff and taken testimony as to what damages were proved on the default judgment hearing, and in this way could have a reviewable record before this court. Even if such effort were made, such record could not be effectively substituted as a statement of facts in the original hearing in the absence of an agreement on the part of the plaintiff.

█ Since the defendant in the present case was not obligated to attempt to agree with its adversary upon an agreed statement of facts and was not required to request the trial judge to prepare a statement of facts, there is no other way of having the matter reviewed on appeal other than upon a retrial of the cause. This conclusion is supported by the authorities heretofore cited as well as the following authorities. *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976); *Tally Ho Motel v. Wilson*, 568 S.W.2d 666 (Tex.Civ.App.—Corpus Christi 1978, no writ history); *Wallace v. Snyder National Bank*, 527 S.W.2d 485 (Tex.Civ. App.—Eastland 1975, writ ref'd n. r. e.); *Dugie v. Dugie*, 511 S.W.2d 623 (Tex.Civ. App.—San Antonio 1974, no writ history).

The judgment is reversed and the cause is remanded for new trial.