**COMPUTER SYNERGY CORPORATION,**
Appellant,

v.

**BUSINESS SYSTEMS PRODUCTS, INC., Appellee.**

No. 17410.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 17, 1979.

Dickerson & Davis, Van Thompson, Jr., Karl A. Maley, Houston, for appellant.

Richie & Greenberg, Philip P. Sudan, Jr., Houston, for appellee.

Before WALLACE, EVANS and WARREN, JJ.

WALLACE, Justice.

This is an appeal from an order of the trial court which granted the special appearance of appellee, and severed and dismissed appellant's cause of action against appellee.

Appellant Computer Synergy Corporation, plaintiff below, is a Texas corporation whose principal place of business is Houston, Texas. Appellee Business Systems Products, Inc., is a foreign corporation whose principal place of business is Irvine, California. Other defendants in the suit, but not parties to this appeal, are K.R.S., Inc. and Stephen L. Sawyer.

On November 23, 1977, in Irvine, California, appellee entered into a dealer agreement with Richard J. Feely. The agreement provided that it would be assigned to a corporation to be formed by Feely. That corporation was formed and is the appellant, Computer Synergy Corporation. The agreement grants to appellant as exclusive sales territories areas of Houston and Dallas-Fort Worth, Texas.

Pursuant to the dealer agreement appellee shipped merchandise to appellant in Texas, F.O.B. Irvine, California. Appellee also made payments to appellant in the total amount of approximately $10,000.00. There were contacts between appellant and appellee by mail and telephone.

Stephen L. Sawyer is president of K.R.S., Inc. On April 18, 1978, appellant entered into a sales contract with K.R.S., Inc. The contract granted K.R.S., Inc., a right to sell the merchandise of appellee in the sales territories granted to appellant in the November dealer agreement between appellee and appellant.

Sawyer sold a computer to Mort Hall Ford, Inc., of Houston on September 19, 1978. A down payment of $21,000.00 was made to appellant. On September 26, 1978, the sales contract between K.R.S. and appellant was terminated by mutual agreement.

In mid-October Mr. Lilley, the secretary of Mort Hall Ford, Inc., the person who had contracted for the purchase of the computer, accompanied Mr. Sawyer to the office of appellee in Irvine, California. The reason for the trip was, as testified by Mr. Lilley, ". . . to find out who was telling me lies and who wasn't." Mr. Lilley learned that the order had not been placed with appellee by appellant for the computer in question. Mr. Lilley, after ascertaining that appellant would be paid their commission on the sale, ordered directly from appellee the computer he had previously contracted to buy from appellant. The board of directors of Mort Hall Ford, Inc., subsequently refused to ratify the order and it was cancelled.

On November 2, 1978 this suit was filed. Appellant seeks damages for interference with existing contracts and for injunctive relief. Service was had on appellee under Article 2031b, V.T.C.S. Appellee filed a special appearance which was granted by the trial court.

The sole issue on appeal is whether or not appellee has had sufficient minimum contacts in Texas to satisfy the due process requirement of the 14th Amendment of the United States Constitution so as to be amenable to in personam jurisdiction.

■ The allegations in appellant's petition were sufficient to assert long-arm jurisdiction under Article 2031b, V.T.C.S. The alleged contacts constituting "doing business" in the State of Texas were: (1) a written contract entered into with a resident of Texas and performable in whole or in part in Texas; (2) the commission of a tort (illegal interference with a contract) in whole or in part in Texas.

■ Appellee had the burden of establishing that it was not amenable to the long-arm process. *Scott v. Scott*, 554 S.W.2d 274 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ); *Gathers v. Walpace Co., Inc.*, 544 S.W.2d 169 (Tex.Civ.App.-Beaumont, 1976, writ ref'd n. r. e.). The basic criteria necessary to acquire jurisdiction under Article 2031b, V.T.C.S. are enunciated in *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.1966):

(1) "The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction; and

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protections of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

This three part test is a synthesis of the three leading United States Supreme Court cases dealing with in personam jurisdiction: *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Ins. Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ The factors to be considered in determining whether or not there have been sufficient contacts with the forum state are set out in *Sun-X International Co. v. Witt*, 413 S.W.2d 761 (Tex.Civ.App.-Texarkana 1967, writ ref'd n. r. e.); *Trinity Steel Company, Inc., v. Modern Gas Sales & Service Company*, 392 S.W.2d 861 (Tex.Civ.App.-1965, writ ref'd n. r. e.). These factors are:
"(1) the nature and character of the business;
(2) the number and type of activities within the forum state;
(3) whether such activities give rise to the cause of action;
(4) whether the forum state has some special interest in granting relief; and
(5) the relative convenience of the parties."

■ The judgment which appellant seeks to have reviewed resulted from a full hearing before the trial judge. No findings of fact and conclusions of law were filed and the record, therefore, must be viewed in its most favorable light to support the judgment. *Trinity Steel Company, Inc. v. Modern Gas Sales & Service Co., Inc., supra*.

■ We have noted that appellee is a California corporation with its principal place of business in Irvine, California. The contract relied upon by appellant was negotiated and executed in California by California residents. The contract did anticipate that appellant would perform acts in Texas. Appellee shipped merchandise to appellant F.O.B. Irvine, California. Title to the merchandise thus passed to appellant once conforming goods were placed in the hands of the carrier. Tex.Bus. & Comm. Code Ann. § 2.319, Uniform Commercial Code § 2–319.13 (2d Ed.1970). Appellee paid to appellant approximately $10,000.00 over the period of their contract. Appellee had contact with appellant by mail and telephone. The acts were sufficient to bring appellee within the literal reach of Article 2031b, V.T.C.S.

We must now examine the record to determine if appellee has had sufficient contacts with the State of Texas to satisfy the due process requirements of the 14th Amendment.

■ The contract required appellee to make shipments to appellant in Texas. These shipments were F.O.B. Irvine, California, thus the title to merchandise passed to appellant upon being delivered to the carrier. Tex.Bus. & Comm.Code Ann. § 2.319; Uniform Commercial Code § 2–319.13 (2d Ed.1970). These transactions did not give rise to the instant case. Appellee made payments to appellant by mail in Texas. A contract which is partially performable in Texas by reason of a contractual obligation to make payments within the forum is not enough to sustain the minimum contact's requirement. *U–Anchor Advertising Company, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1970).

The record shows that no employee, officer or agent of appellee was ever present in Texas prior to the filing of this suit.

■ The Mort Hall Ford transaction was negotiated in California and was precipitated by Mr. Lilley of Mort Hall Ford, Inc., not by appellee. The transaction was never consummated, therefore, it does not constitute "minimum contacts" as contemplated by Article 2031b. *Amco Transworld, Inc. v. Bambi*, 257 F.Supp. 215 (S.D.Tex. 1966). Considering traditional notions of fair play and substantial justice, and in light of the quality, nature and extent of activity in Texas, we find that the trial court was within its sound discretion in entering the order complained of.

The order of the trial court is affirmed.