Bill LOONEY, Appellant,

v.

Bonnie KRIBBS et vir., Appellees.

No. 1261.

Court of Civil Appeals of Texas, Tyler.

Oct. 4, 1979.

Don M. Connally, Rutledge, Rutledge & Connally, Abilene, for appellant.

Kevin R. Bartley, Ater & Hirsch, Odessa, for appellees.

SUMMERS, Chief Justice.

This is an appeal from a default judgment. Appellees, Bonnie Kribbs, and her husband, sued defendants Dane Hudnall, Bill Looney and Wallace Hudnall, a partnership, d/b/a Clear Fork Exploration to recover commissions allegedly earned by appellee in selling certain undivided mineral interests from oil, gas and mineral leases covering lands in Webb County, Texas. No answer was filed by defendants, either individually or as a partnership, and appellee moved for judgment by default. The cause was submitted to the court on January 6, 1978. After hearing the evidence as to the amount of damages, the trial court rendered judgment against the defendants for the sum of $18,000.00, together with attorney's fees in the amount of $6,000.00. On May 15, 1978, Bill Looney, one of the defendants below, perfected this appeal by filing a Petition for Writ of Error. Thereafter, said appellant made a formal request to the official court reporter for a statement of facts. The reporter certified that he was unable to comply with the request because he was not present when the evidence was given and no other reporter recorded the testimony. Appellant contends that he is entitled to a new trial. We agree, and in so doing reverse as to appellant, Bill Looney.

Appellant's appeal is predicated upon three points of error alleging that the trial court erred by (1) entering judgment on the pleadings without having a court reporter present to transcribe the proceedings, (2) entering judgment on the proceedings without supporting evidence in the record since the claim of appellee Bonnie Kribbs was unliquidated, and (3) entering judgment against appellant Bill Looney because the record snows no personal service and return of citation nor an appearance in his individual capacity, and the judgment rendered was not supported by the pleadings.

The appellee contends that there was supporting evidence that satisfied the court, that there was proper service upon the partnership, and that appellant was not entitled to a statement of facts because no due diligence was shown by appellant to procure a statement of facts in an alternate form, either by requesting such from the trial judge using his own independent recollection, or by attempting to agree with opposing counsel on a statement.

We shall first address point of error No. 1 because we believe it to be dispositive of the case. Without a statement of facts, we are unable to determine the sufficiency of the evidence to support the finding of damages. The damages alleged here are unliquidated, since they consist of the value of commissions earned and the amount of reasonable attorney's fees. A default does not admit allegations of damages unless the claim is "liquidated and proved by an instrument in writing." T.R. C.P. 241. If the claim is unliquidated, as here, the court must "hear evidence as to damages." T.R.C.P. 243; *Southern S. S. Co. v. Schumacher,* 154 S.W.2d 283, 284 (Tex.Civ.App.—Galveston 1941, writ ref'd w. o. m.). The paramount question to be determined is whether appellant is entitled to a reversal because of the lack of a record of the evidence adduced at the hearing made the basis of the default judgment.

If an appellant exercises due diligence and through no fault of his own is unable to obtain a record of the evidence, a new trial may be required in order to preserve his right to appellate review. *Rogers v. Rogers,* 561 S.W.2d 172, 173–4 (Tex.1978); *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972); *Texas Crushed Stone Co. v. Baker,* 576 S.W.2d 894, 896 (Tex.Civ.App.— Tyler 1979, no writ); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd).

Where the appellant, as here, was not present and was not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be deemed waived. *Texas Crushed Stone Co. v. Baker,* supra, at 896; *Morgan Express Inc. v. Elizabeth-Perkins, Inc.,* supra at 314.

In the recent case of *Rogers v. Rogers,* supra at 173, the Supreme Court follows the *Morgan Express* rule and makes it clear that diligence in obtaining a statement of facts in a default judgment case does not require the appellant to exhaust the provisions of T.R.C.P. 377(d) and 378. The court said:

"An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts."

Article 2324 of the Texas Revised Civil Statutes was amended in 1975 to require the court reporter's attendance only when requested. Appellee, in her brief, argues that there was no duty of the official court reporter to be present as the appellee made no such request and the appellant was not available to make such requests, hence appellant is not entitled to a new trial. We are not persuaded that this amendment modifies the rule set forth in *Morgan Express,* supra, and followed by the Supreme Court in *Rogers v. Rogers,* supra. To adopt such a construction of the amendment would impose a duty upon the defaulting party to request the court reporter's presence at the very hearing from which the defaulting party is absent. See also *Minyard v. Southern Pipe & Supply Co., Inc.,* 563 S.W.2d 332, 334 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.).

Since the appellant in the present case was not obligated to attempt to agree with his adversary upon an agreed statement of facts and was not required to request the trial judge to prepare a statement of facts, there is no other way of having the matter reviewed on appeal other than upon a retrial of the cause. This conclusion is supported by the authorities already cited, as well as the following authorities: *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.1976); *Tally Ho Motel v. Wilson,* 568 S.W.2d 666, 667 (Tex.Civ.App.—Corpus Christi 1978, no

writ); *Wallace v. Snyder National Bank,* 527 S.W.2d 485, 488 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.); *Dugie v. Dugie,* 511 S.W.2d 623, 624 (Tex.Civ.App.—San Antonio 1974, no writ).

In view of our disposition of point No. 1, we do not find it necessary to address appellant's other points of error.

The judgment of the trial court is reversed as to appellant, Bill Looney, and the cause is remanded for new trial.