**BLS LIMOUSINE SERVICE, INC. and Abraham Altman, Appellants,**

v.

**BUSLEASE, INC., Appellee.**

**No. 05–83–00446–CV.**

Court of Appeals of Texas, Dallas.

Sept. 24, 1984.

Rehearing Denied Nov. 13, 1984.

William C. Odeneal, Odeneal & Odeneal, Dallas, for appellants.

Charles W. Cunningham, Johnson & Swanson, Dallas, for appellee.

STEWART, Justice.

BLS Limousine Service, Inc., and Abraham Altman, non-resident defendants, appeal by writ of error from a default judgment against them for damages in the amount of $9,460.40, plus attorney's fees. In five points of error BLS and Altman attack the judgment on the grounds that minimum contacts were not established by the pleadings or evidence; there was no showing that the Secretary of State of Texas mailed citation by regular mail; the evidence was insufficient to support damages; and the two separate contracts will not sustain a default judgment. We affirm the trial court's judgment.

Buslease, Inc., appellee, is a Texas corporation with its principal place of business in Dallas, Texas. BLS is a California corporation and has its principal place of business in Culver City, California. Altman is also domiciled in Culver City. Buslease entered into two agreements with BLS and Altman to lease intercity buses. Altman signed one lease agreement as president of BLS; the other he signed "Abraham Altman, personal." When BLS and Altman failed to pay the amount of $2,460.40 due under the lease or to return the buses to the state of Texas, Buslease sued for the amount owed, $7,000 in costs incidental to recovering the buses, and attorney's fees.

In their first two points of error, BLS and Altman challenge the default judgment on jurisdictional grounds, asserting that due process was violated because the necessary minimum contacts were not established by the pleadings or evidence and that the contractual requirement of payment in Texas was insufficient to establish minimum contacts necessary for the exercise of longarm jurisdiction. In reviewing the authorities cited by appellants, we conclude that they have confused the requirements of the longarm statute, TEX.REV. CIV.STAT.ANN. art. 2031b (Vernon 1964 and Vernon Supp.1984), see *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex.1973), and *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965), with the "minimum contacts" test of due process applicable to a special appearance under TEX.R.CIV.P. 120a, see *O'Brien v. Lanpar Co.,* 399 S.W.2d 340 (Tex.1966); *U-Anchor Advertising, Inc. v.*

*Burt,* 553 S.W.2d 760 (Tex.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); *TM Productions, Inc. v. Blue Mountain Broadcasting Co.,* 623 S.W.2d 427 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); and *Gathers v. Walpace, Co.,* 544 S.W.2d 169 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). In *Whitney* the court tested the pleadings only in terms of the requirements of article 2031b to determine if the defendant had a responsibility to answer under that statute:

> We have no problem here as to the responsibility to answer, or "amenability to process." The allegations are sufficient, *under Section 6 of Art. 2031b, to require the defendants to answer* if they have in fact been served in accordance with the requirements of that statute. *Id.* at 96. (Emphasis added).

*Whitney,* 500 S.W.2d at 96 (Emphasis added).

■ As in *McKanna* and *Whitney,* also default judgment cases appealed by writ of error, the issue before us is whether Buslease made sufficient allegations to confer jurisdiction under article 2031b. *McKanna,* 388 S.W.2d at 930. Here, appellants do not contend that Buslease's pleadings fail to comply with the requirements of article 2031b, and, in fact, we hold that the allegations are sufficient under sections 3 and 4 of that article to give the court jurisdiction over the appellants. Thus, they had a responsibility to answer if they have been served in accordance with the statute. *Id.* We do not reach the minimum contacts issue because appellant filed no rule 120a special appearance to contest amenability to process under the "minimum contacts" rule. *U-Anchor,* 553 S.W.2d at 764; *Blumenthal v. Ameritex Computer Corp.,* 646 S.W.2d 283 (Tex.App.—Dallas 1983, no writ); *see* Thode, *Special Appearance,* 42 TEX.L.REV. 279, 319 (1964).

■ In *Blumenthal* we held that when the nonresident defendant has made no special appearance as allowed by rule 120a, but seeks review of a default judgment by writ of error, a petition alleging the facts required by article 2031b for longarm jurisdiction is sufficient without alleging the three elements necessary to satisfy the "minimum contacts" test. We have found no case holding that a defendant may invoke the "minimum contacts" test without complying with rule 120a. Consequently, we adhere to our holding in *Blumenthal,* and, in the absence of any contention that the facts alleged here do not meet the requirements of article 2031b, we hold that longarm jurisdiction has been established for the purpose of this case.

■ In point of error three, BLS and Altman assert error in the court's assuming jurisdiction under article 2031b because there was no showing that the Secretary of State affirmatively mailed the citations to them by *regular* mail through the United States Postal Service. They cite no authority to support this position; appellants merely "suggest" that this would be a simple and fair insurance of their receipt of the citations in this case. Their argument is without merit. As evidenced by the certificates of the Secretary of State, the Secretary forwarded process by certified mail, return receipt requested, to both BLS and Altman. Although the citations were returned to the Secretary bearing the notation "refused," appellants were served in accordance with the requirements of article 2031b. *Whitney,* 500 S.W.2d at 95–96. *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706, 707 (Tex.Civ.App.—Fort Worth 1982, no writ). Point of error three is overruled.

BLS and Altman next maintain that the trial court erred in rendering a default judgment because the evidence of damages at the trial was wholly inadequate and insufficient to sustain the judgment. They complain of Buslease's failure to attach to the petition or offer in evidence a summary of charges or other evidence from which the trial court could accurately determine damages to support the claim of $2,460.40 and the additional damages of $7,000.00. They argue that their default did not admit Buslease's allegations of damages because the claim was not proved by an instrument in writing within the contemplation of TEX.

R.CIV.P. 241; consequently, they assert that the trial court was obligated to hear evidence on the damages issue. TEX.R. CIV.P. 243; *Looney v. Kribbs*, 588 S.W.2d 678 (Tex.Civ.App.—Tyler 1979, no writ).

■ We agree that under TEX.R. CIV.P. 241 and 243, damages may not be assessed in default proceedings without presenting evidence unless the claim is liquidated, that is, unless with sufficient certainty the amount due can be calculated by the court solely from documents and the factual, as opposed to conclusory, allegations in the petition. *Burrows v. Bowden*, 564 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1978, no writ). In the hearing on damages here, the court determined that the damages were proved. The equipment lease agreements were attached as Exhibit A to Buslease's first amended original petition. One provided for $59.67 times the number of days comprising the interim term and $1,790.00 per month during the basic term; the other provided for $60.00 times the number of days comprising the interim terms and $1,800.00 per month during the basic term. The amended petition further stated that:

> As a result of the above-described breaches and defaults [failing to return the buses to Texas], BusLease was forced to incur certain expenses for which it seeks recovery herein, including the costs of (a) transporting a representative of BusLease to California in connection with the breaches and defaults, (b) transporting drivers to California to take possession of the buses, (c) transporting the buses out of California, and (d) securing a new lessee for the buses, all of which incidental costs total not less than $7,000.00, for which BusLease seeks recovery herein.

John Lawrence, an officer of Buslease, testified that he was familiar with the leases, that they were in default, that the amount of rental due under leases was $2,460.40, and that the additional "damages were $7,000." Consequently, we hold that considering the factual allegations of the petition deemed admitted, the leases attached to the petition, combined with Lawrence's testimony, the evidence is sufficient to support the amount awarded.

■ Finally, in their fifth point of error, appellants urge error by the trial court in rendering the default judgment against either BLS or Altman because Buslease attempted to rely on two separate contracts which have material differences and there is no way to tell which one appellee relied upon other than to assume that it relied upon both in an unfair effort to involve Altman, individually. Appellants cite no authority to support their position and thus, this point presents nothing for review. *Arrechea v. Arrechea*, 609 S.W.2d 852, 855 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). However, in its first amended petition, Buslease clearly alleges that it is suing BLS on its lease and that Altman is being sued individually as a guarantor of performance by BLS. Again, these allegations are deemed admitted for the purpose of establishing the liability of both BLS and Altman since neither filed an answer. *Justice Life Insurance Co. v. Walker*, 508 S.W.2d at 437.

Affirmed.

GUILLOT, Justice, dissenting.

I respectfully dissent because I agree with BLS and Altman, defendants below, that the trial court erred in assuming *in personam* jurisdiction over them because the necessary purposeful acts of them in this state were not established, and thus they were not afforded due process.

The majority has discussed the test that the Texas Supreme Court has established to support a default judgment when substituted service under the long-arm statute is utilized. First, the pleading must allege facts, which, if true, would make the defendant "amenable to process." *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex.1973). Second, there must be proof in the record that the defendant was served in the manner required by the statute. *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820, 821 (Tex.App.—Dallas 1982, no writ). Appellants contend in their

writ that neither prong of this test has been met. Because I find that appellants were not amenable to process, I do not address the second prong of the test as to whether appellants were properly served.

The first prong of the test for upholding a default judgment entered pursuant to substituted service under the long-arm statute concerns section 4 of article 2031b. This section reaches only "as far as the limits of the federal constitutional requirements of due process will permit." *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977), *cert. denied*, 434 U.S. 1063 (1978). I think that the proper test under this first prong should be whether plaintiff's petition alleges such purposeful acts of the defendant such that the defendant comes within the constitutional reach of this state's jurisdiction. *See Gathers v. Walpace Co.*, 544 S.W.2d 169 (Tex.Civ.App. —Beaumont 1976, writ ref'd n.r.e.). The requirements that a plaintiff must meet in order to show jurisdiction over an out of state defendant when the defendant enters a special appearance pursuant to TEX.R. CIV.P. 120a were established by the Texas Supreme Court in *O'Brien v. Lanpar Company*, 399 S.W.2d 340, 342 (Tex.1966). The three elements that must exist are: (1) the nonresident defendant or corporation must purposefully do some act or consummate some transaction in this state; (2) the cause of action must arise from, or be connected with, such transaction; and (3) the assumption of jurisdiction by this state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in this state, the relative convenience of the parties, the benefits and protection of the laws of this state afforded to the respective parties, and the basic equities of the situation. *U-Anchor*, 553 S.W.2d at 762. I would hold that these same requirements should apply when deciding whether a petition is sufficient to show jurisdiction to support a default judgment. There should not be any difference between "amenability to process" for purposes of supporting a default judgment and "amenability to process" when a special

appearance under TEX.R.CIV.P. 120a is made. In both instances, jurisdiction must first attach. A plaintiff must first show the minimum contacts before the defendant has any responsibility to answer. *See Gathers.*

In order to establish if the requirements have been met, I would look to the pleadings of Buslease to determine if the jurisdictional allegations that they contain are sufficient. *Cf. McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). Buslease alleges in its petition that appellants have done business in the state of Texas by virtue of the lease agreements that they entered into with Buslease. The lease agreements are attached to its petition. The agreements are performable in part in Texas. On appeal, Buslease relies on this allegation, contending that the facts contained in its pleadings are sufficient under section 4 of article 2031b to confer jurisdiction of a Texas court upon appellants. In applying the three prong test of *O'Brien*, I find that Buslease has not made the slightest attempt to allege any purposeful acts in Texas on the part of appellants other than the sending of lease payments to Texas. This is not sufficient. *See U-Anchor*, 553 S.W.2d at 763. Buslease has not alleged any other purposeful acts that would establish jurisdiction over BLS and Altman. I would hold that the allegations in Buslease's petition are not sufficient to establish jurisdiction since not enough purposeful acts have been alleged.

To the extent *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283 (Tex.App. —Dallas 1983, no writ), differs from my view in this case, I would overrule *Blumenthal*. It offends my traditional notions of fair play and substantial justice to allow a party to only plead a general allegation that a contract was to be performed in this state, without stating sufficient purposeful acts conducted pursuant to the contract, and thus acquire jurisdiction over an out-of-state defendant. Clearly some purposeful acts of the out-of-state defendant must be alleged. *See TM Productions, Inc. v. Blue Mountain Broadcasting Co.*, 623 S.W.2d

427, 431 (Tex.Civ.App.—Dallas 1981), *writ ref'd n.r.e. per curiam,* 639 S.W.2d 450 (Tex.1982); *Gathers v. Walpace Co.,* 544 S.W.2d 169 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.).

Considering the basic equities and circumstances of the case, I would hold that BLS and Altman would not be accorded due process of law if required to defend the suit of Buslease in Texas under these pleadings. Inasmuch as BLS and Altman have entered general appearances by pursuing this appeal, I would remand for a trial on the merits. *Cf. McKanna,* 388 S.W.2d at 930.

I would reverse the judgment and remand to the trial court for a new trial.