**SHERMAN GIN COMPANY, A corporation, Appellant,**

v.

**PLANTERS GIN COMPANY, INC. OF INDIANOLA, A corporation, Appellee.**

**No. 8729.**

Court of Civil Appeals of Texas, Texarkana.

March 27, 1980.

Rehearing Denied June 10, 1980.

C. H. Gillespie, III, Sherman, for appellant.

Paul Brown, Sherman, for appellee.

RAY, Justice.

This is a suit for declaratory judgment. Appellant (plaintiff), Sherman Gin Company, brought suit against Planters Gin Company, Inc., for declaratory judgment to determine the validity and the amount, if any, of a claim made against it by Planters Gin. Sherman Gin, a Texas corporation, in voluntary dissolution, had sent a notice of its "Intent to Dissolve" to Planters Gin pursuant to the Texas Business Corporation Act. Planters Gin responded by sending its claim to Sherman Gin. Upon the filing of suit for a declaratory judgment by Sherman Gin, Planters Gin of Mississippi filed its special appearance stating that the Texas court did not have jurisdiction over it sufficient to proceed to trial. The motion of Planters Gin was sustained and Sherman Gin's suit was dismissed. Appellant has perfected its appeal and submits a single point of error for our consideration. The point of error is as follows:

"The Trial Court erred in sustaining Defendant's Motion to the Jurisdiction, because the minimum contacts and due process for Texas jurisdiction exist where Defendant engaged in business activity requiring performance in Texas and interceded in the dissolution of a Texas corporation."

Planters Gin is a Mississippi corporation engaged in the business of ginning raw seed cotton. It operates only one plant, and that plant is located in Indianola, Mississippi. Sherman Gin is a Texas corporation which, prior to its name change in June of 1977, was known as Hardwicke-Etter Company.

On June 19, 1971, Planters entered into a contract with Sherman for the sale and erection of a new gin at Indianola. The record shows that this contract was solicited, negotiated and executed by representatives of the respective parties entirely within the State of Mississippi. The contract provided that payments were to be made in Sherman, Texas, and some payments were subsequently mailed to Sherman. Additionally, the contract provided that Sherman would honor its warranty obligations to repair defects in workmanship or material at the point from which the equipment was shipped, that being from appellant's plant in Sherman, Texas.

The record reveals that the new gin's operational efficiency became the subject of a significant dispute between the parties during 1974 and 1975. Some of the machinery was returned to Sherman, Texas, for repair and modification.

On September 21, 1977, Sherman Gin gave notice of its "Intent to Dissolve" to its customers with whom it had done business during the preceding year. Articles of dissolution were filed with the Secretary of State on October 3, 1977. On October 24th Planters Gin delivered a claim to Sherman Gin in the amount of $402,789.00 in connection with the construction of the gin and installation of equipment under the 1971 contract.

■ The Texas "long-arm statute," Article 2031b, §§ 3 and 4, Tex.Rev.Civ.Stat. Ann., provides, in essence, that a non-resident entering into a contract with a Texas resident, performable in part by either party in Texas, shall be deemed to be "doing business" in Texas. This statute allows the resident to secure service of process by serving the Secretary of State of Texas as the agent of the non-resident. Planters' act of making payments under the contract in Sherman, Texas, constituted "doing business." *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 (Tex.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978). However, satisfaction of Article 2031b alone is not sufficient to confer jurisdiction upon a Texas court. Constitutional requirements of due process must also be met. *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ In *O'Brien v. Lanpar Company,* 399 S.W.2d 340 (Tex.1966), the court identified the three elements which must exist in order for a Texas court to exercise jurisdiction over a non-resident. Those requirements are as follows:

(1) The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction; and,

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality and nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

■ Appellant argues that the performance of its warranty obligations at its plant in Sherman, Texas, was a sufficient business activity to confer jurisdiction over Planters Gin. However, it must be remembered that the 1971 contract was solicited, negotiated and executed in Mississippi and it can only be inferred that the requirement that the repair and modification work be done in Sherman was for the convenience of Sherman Gin. The fact that the repair work was performed in Texas does not constitute the "consummation of a transaction" separate from the contract, nor does it appear to be such a "purposeful act" as would invoke the benefit and protection of the laws of the State of Texas. Therefore, the first element of the rule announced in *O'Brien,* supra, has not been satisfied.

■ The substance of appellant's contention is that Planters' presentation of its claim in response to Sherman's notice of its "Intent to Dissolve" was a sufficient "purposeful act" to invoke the benefit and protection of the laws of this State. Sherman insists that Planters "elected" to intercede in the dissolution proceeding. Dissolution is a function of the state which created the corporation, therefore, it is a proceeding unique and exclusive to the forum state. Sherman contends that by intervening in the dissolution of a Texas corporation, Planters was invoking the protection of the Texas laws because the Texas Business Cor-

poration Act requires the appellant to satisfy claims against it before distributing its assets among its shareholders.

Article 6.04 of the Texas Business Corporation Act (Supp.1980) states that a corporation must cease to carry on its business, except insofar as may be necessary for the winding up thereof and it must cause written notice by registered mail of its intention to dissolve to be mailed to each known creditor of and claimant against the corporation. Article 6.06 of the Texas Business Corporation Act (Supp.1980) provides that voluntary dissolution may be accomplished when all liabilities and obligations of the corporation have been paid or discharged, or adequate provision has been made therefor.

It is the conclusion of this Court that Planters' act of filing its claim with Sherman was not such an act by which it expected to purposefully avail itself of the privilege of conducting activities within the State of Texas, and would thus invoke the benefits and protection of the laws of this State. The fact that Sherman would have difficulty in dissolving its corporation because Planters had filed its claim, was not the kind of act that satisfies the minimum contacts requirement of due process. *U-Anchor Advertising, Inc. v. Burt*, supra; *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974).

This Court has also concluded that another element is missing from the due process requirements. We are of the opinion that it would offend the traditional notions of fair play and substantial justice to require Planters to defend a suit in Texas under the circumstances presented. As previously noted, the contract was solicited, negotiated and consummated in Mississippi, and Planters did nothing to indicate or to support an inference of any purpose to exercise the privilege of doing business in Texas. Planters was a passive customer of a Texas corporation which neither sought, initiated, nor profited from its having filed its claim with Sherman Gin. The fact that it mailed checks to Sherman Gin in Texas and brought some of its machinery to be

repaired or modified pursuant to the contract between the parties was not the quality, nature and extent of business activity in Texas by Planters as would rise to the minimal contacts required to satisfy due process. *U-Anchor Advertising, Inc. v. Burt*, supra. We therefore hold that the trial court was correct in dismissing Sherman Gin's suit because Planters Gin would not have been accorded due process of law if required to defend a suit by Sherman Gin in the courts of this State. *Hoppenfeld v. Crook*, 498 S.W.2d 52 (Tex.Civ.App.Austin 1973, writ ref'd n. r. e.); *Sun-X International Company v. Witt*, 413 S.W.2d 761 (Tex. Civ.App.Texarkana 1967, writ ref'd n. r. e.); *Hanson v. Denckla*, supra; *U-Anchor Advertising, Inc. v. Burt*, supra.

The judgment of the trial court is affirmed.