OPINION OF THE COURT
Anthony J. Ferraro, J.
In an action on a foreign judgment, plaintiff moves for summary judgment in lieu of complaint.
Plaintiff, a Texas corporation, entered into negotiations on an equipment lease with defendant, a corporation with its principal place of business in New York and incorporated in a State other than Texas. While the parties were still negotiating the lease, plaintiff paid defendant $16,147.60 as a rental advance or deposit. The negotiations terminated unsuccessfully and the parties never executed the contemplated equipment lease. Thereafter, defendant returned to plaintiff part of the rental advance or deposit in the sum of $8,957.76. Plaintiff demanded return of the balance, viz., $7,189.84. Defendant refused and an action for the return of the withheld money was commenced by plaintiff in the 25th Judicial District Court in Bexar County, Texas.
*972 The petition in the Texas District Court alleged that defendant Techlease was a foreign corporation and resident in New York; that Techlease had engaged in business in Texas by negotiating leases and by contracting with Texas residents by way of agreements to be performed in whole, or part, in Texas, and that representatives of Tech-lease had visited plaintiff at its place of business in Texas. The petition further alleged that Techlease had not qualified to do business in Texas, had not voluntarily designated an agent for service of process in Texas for causes of action arising out of business done in Texas, and did not maintain a place of regular business in Texas; that the cause of action arose out of business done by Techlease in Texas and from Techlease’s purposeful acts and conduct in Texas, and that, due to the foregoing, Techlease was subject to Texas’ long-arm jurisdiction by service on the Secretary of State.
On March 11, 1983, a default judgment was entered in favor of plaintiff and against defendant by the Texas District Court in the principal sum of $7,189.84, plus interest, and plaintiff was awarded a counsel fee of $3,000. This judgment was entered upon the following finding: “Citation was served according to law and returned to the Clerk, where it remained on file for the time required by law. Service upon Techlease, Inc. was performed pursuant to Tex. Rev. Civ. Stat. Ann. art 2031 b (Vernon 1964), and the Certificate from the Secretary of State of Texas showing service upon the Defendant has been on file for the time required by law.”
Initially, the court notes that in satisfaction of the requirement established by Shaw v Krebs (85 AD2d 913), the affidavit of an attorney at law, admitted in the State of Texas, is presented wherein he swears that the copy of the Texas judgment attached to the moving papers conforms with the judgment granted March 11, 1983, by the 25th Judicial District Court, Bexar County, Texas, which judgment is herein sued upon.
The court’s inquiry on this motion is limited to the consideration of whether or not the Texas court had jurisdiction under its own laws and the due process clause of the United States Constitution to grant default judgment *973 against defendant. (Williams v North Carolina, 325 US 226; Fauntleroy v Lum, 210 US 230.)
Plaintiff obtained jurisdiction over defendant in Texas by resort to one of the provisions of Texas’ long-arm statute (Tex Civ Stats Ann., art 2031b, § 3). The statute reads as follows: “Any foreign corporation, association, joint stock company, partnership, or non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, joint stock company, association, partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or non-resident natural person is a party or is to be made a party.” Plaintiff sufficiently alleged in its petition the jurisdictional facts consistent with the requirements of section 3 of article 2031b (see McKanna v Edgar, 388 SW2d 927 [Tex]), and submitted the required proof of the forwarding of process by the Secretary of State. (See Whitney v L&L Realty Corp., 500 SW2d 94 [Tex].) No triable issues of fact exist on these matters.
It only remains to be determined whether, in fact, there existed the prerequisites for the Texas court to exercise jurisdiction over defendant and to enter default judgment against it.
The court must first decide whether the jurisdiction asserted in Texas at least came within the broad parameters of the minimum contacts rule under Federal constitutional standards. (See International Shoe Co. v Washington, 326 US 310; see, also, Hanson v Denckla, 357 US 235; McGee v International Life Ins. Co., 355 US 220.) The court finds that plaintiff has shown, prima facie, that defendant had sufficient minimum contacts with Texas to satisfy *974 these standards. Defendant had filed with the Secretary of State of Texas an application for a certificate of authority to transact business. A certificate was issued in 1976, and lapsed in 1980, solely because of defendant’s failure to pay the State franchise tax. In 1983, an application was filed for reinstatement. These facts, which certainly evidence minimum contacts, are undisputed.
Furthermore, defendant admits that it negotiated with plaintiff for a contract that was never executed, but, if executed, would have been performed, at least in part, in Texas. Defendant also admits that it negotiated and executed an equipment lease contract with another Texas resident for performance, at least in part, in Texas. These facts add to the proof of minimum contacts.
Inquiry now turns to whether satisfaction of Federal due process standard also meets Texas standards, or whether Texas jurisdictional requirements under section 3 of article 2031b of the Texas Civil Statutes Annotated are more restrictive.
In U-Anchor Adv. v Burt (553 SW2d 760, 762) the Texas Supreme Court held that the reach of article 2031b is limited only by the United States Constitution. In Navarro v Sedeo, Inc. (449 F Supp 1355), this broad language was seized upon and section 3 of article 2031b was interpreted to permit long-arm jurisdiction over a foreign corporation by service on the Secretary of State where the corporation was doing business in the State, even though the cause of action sued upon did not arise out of that business. This holding was specifically rejected by the United States Court of Appeals (CA 5th) in Prejean v Sonatrach, Inc. (652 F2d 1260). There the court found that the plain language of the statute (“action, suit or proceedings arising out of such business done in this State”) established a nexus requirement, holding that “service of process under Article 2031b cannot be made validly on a nonresident defendant whose contacts with Texas have no connection with the plaintiff’s cause of action.” (Supra, p 1267; see Fox Enterprises v Air France, 664 F2d 63.)
The recent case of Hall v Helicopteros Nacionales De Columbia (638 SW2d 870 [Tex]) has directly addressed any *975 confusion that may have been created by the holding in U-Anchor (supra). The court reaffirmed the broad language of U-Anchor and noted the holding of its opinion in O’Brien v Lanpar Co. (399 SW2d 340 [Tex]). In O’Brien, the Supreme Court established a three-prong test for jurisdiction under article 2031b, viz., (1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum State, (2) the cause of action must arise from, or be connected with, such act or transaction, and (3) the assumption of jurisdiction must not offend traditional notions of fair play and substantial justice. The court then continued (at p 872): “The second prong of the O’Brien test requiring that the cause of action must arise out of the contacts with the forum state, has been the subject of some controversy ever since the O’Brien test was adopted. The second prong is useful in any fact situation in which a jurisdiction question exists; and is a necessary requirement where the nonresident defendant only maintained single or few contacts with the forum. However, the second prong is unnecessary when the nonresident defendants presence in the forum through numerous contacts is of such a nature, as in this case, so as to satisfy the demands of the ultimate test of due process.” The issue of whether there must be a nexus between the Texas contacts of the nonresident and plaintiff’s cause of action has, therefore, been definitely laid to rest.
It was important for determining the instant motion to clarify Texas law on this issue of nexus, because, on the record now before the court, there is a triable issue of fact as to nexus. The court finds, however, that there are no triable issues of fact as to those minimum contacts shown by plaintiff to have existed between defendant and the State of Texas and which this court finds, as a matter of law, to have been sufficient for Texas’ assertion of long-arm jurisdiction under article 2031b. Most significant to this finding is plaintiff’s uncontested proof concerning the certificate of authority to transact business. In filing its application for the certificate, defendant clearly indicated that it was and wanted to be in Texas. In maintaining the certificate for four years and in seeking to reinstate it after a lapse, it evidenced a continuing interest to do business in *976 Texas. The failure to pay the franchise tax, which effected a lapse in the certificate, cannot, in all fairness, be used to escape the jurisdiction of Texas courts for actions arising during the period of the lapse. Under all of the facts and circumstances of this case, such a tax default, though working a temporary suspension of defendant’s right to do business in Texas under certificate, in no way evidenced a withdrawal from the State of an entity that had clearly established itself as doing business there under certificate, which would, in due course, seek to do so again, and which during the period of the lapse had, in fact and by its own admission, continued to do business in Texas by negotiating with at least two Texas corporations for equipment leases of approximately $500,000 in aggregate value and by actually contracting with one for an equipment lease of $150,000.
The second prong of the O’Brien test (399 SW2d 340, supra) is, therefore, unnecessary. Defendant’s presence in Texas was of such a nature as to satisfy the demands of the ultimate test of due process. (Hall v Helicopteros Nacionales De Colombia, 638 SW2d 870, 872, supra; see International Shoe Co. v Washington, 326 US 310, supra; Milliken v Meyer, 311 US 457; see World-Wide Volkswagen Corp. v Woodson, 444 US 286; McGee v International Life Ins. Co., 355 US 220, supra.)
Accordingly, the motion for summary judgment in lieu of complaint is granted.