ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 9, 2009

The Honorable Hope Andrade
Texas Secretary of State
Post Office Box 13697
Austin, Texas 78711-3697

Opinion No. GA-0726

Re: Circumstances under which a foreign business entity is required to register with the Secretary of State   (RQ-0778-GA)

Dear Secretary Andrade:

You ask whether a foreign business entity is "considered to be transacting business in Texas" under specific circumstances such that it would be required to register with the Secretary of State's office under chapter 9 of the Business Organizations Code.[1] TEX. BUS. ORGS. CODE ANN. §§ 9.001–.301 (Vernon 2008).[2] Section 9.001 provides that "[t]o transact business in this state, a foreign entity must register under this chapter . . . ." *Id.* § 9.001(a). The Legislature has not affirmatively defined what it means to be transacting business in this state, but it has articulated a list of "activities that [standing alone] *do not* constitute transaction of business in this state." *Id.* § 9.251 (emphasis added). Among other activities, that list specifically includes:

> (2)   holding a meeting of the entity's managerial officials, owners, or members or carrying on another activity concerning the entity's internal affairs;
>
> . . . .
>
> (4)   maintaining an office or agency for:
>
> (A) transferring, exchanging, or registering securities the entity issues; or

---

[1] Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2] A "foreign entity" is defined as "an organization formed under, and the internal affairs of which are governed by, the laws of a jurisdiction other than this state." TEX. BUS. ORGS. CODE ANN. § 1.002(28) (Vernon 2008). "[T]he internal affairs of an entity include: (1) the rights, powers, and duties of its governing authority, governing persons, officers, owners, and members; and (2) matters relating to its membership or ownership interests." *Id.* § 1.105.

(B)  appointing or maintaining a trustee or depositary related to the entity's securities;

. . . .

(9)  transacting business in interstate commerce;

(10)  conducting an isolated transaction that:

(A)  is completed within a period of 30 days; and

(B)  is not in the course of a number of repeated, similar transactions;

. . . .

*Id.* Furthermore, the Legislature has explained that this list "is not exclusive of activities that do not constitute transacting business in this state" for purposes of registering with the Secretary of State. *Id.* at § 9.252. Beyond this non-exhaustive list, however, the Legislature has not defined the phrase "transaction of business in this state" for purposes of the foreign entity registration requirement.

You explain that "[i]n order to facilitate compliance" with the registration requirement, your "office notifies foreign entities that are not registered with" your office "of the filing requirements." Request Letter at 1. In response to these notifications, some "entities have responded that they are not transacting business in Texas even though they maintain some presence" here. *Id.* You therefore seek clarification about the following circumstances:

1.  Is a foreign business entity, which maintains no employees in Texas and performs the majority of its services outside of Texas, considered to be transacting business in Texas for purposes of registering with the secretary of state's office when its principal office or principal place of business is located in Texas?

2.  Is a foreign business entity, which maintains no employees in Texas and performs most of its services outside of Texas, considered to be transacting business in Texas for purposes of registering with the secretary of state's office when one or more of its directors/officers/managers is located in Texas?

3.  Is a foreign business entity that is a holding company transacting business for purposes of registering with the secretary of state when its principal place of business is located in Texas and the entity manages its subsidiaries from inside Texas?

*Id.*

You ask us to decide as a matter of law whether in these circumstances an entity transacts business in this state under section 9.001 of the Business Organizations Code. *See id.* Whether a given foreign entity is transacting business in this state, and is thereby required to register with the Secretary of State's office, is a fact question that will depend on the specific circumstances of that entity's business in Texas. *See Altheimer & Baer, Inc. v. Vergal Bourland Home Appliances*, 369 S.W.2d 478, 482 (Tex. App.—Fort Worth 1963, writ ref'd n.r.e.) ("In each case the transaction involved must be considered in its entirety."); *see also United States v. Scophony Corp.*, 333 U.S. 795, 819 (1948) (J. Frankfurter, concurring) ("Whether a corporation 'transacts business' in a particular district [for purposes of the Clayton Act] is a question of fact."); *Lawrence Indus., Inc. v. Sharp*, 890 S.W.2d 886, 888 (Tex. App.—Austin 1994, writ denied) ("[W]hether a company is 'doing business' in a state [and is thereby subject to franchise tax] is inherently a factual inquiry.").

Thus, facts in addition to those you posit are relevant to the decision as to whether a foreign entity is required to register with the Secretary of State's office.[3] For example, you explain in questions one and two that the hypothetical foreign business entity performs the "majority of its services" or "most of its services" outside of Texas. Request Letter at 1. Based on this limited information, it is impossible for this office to even determine whether those services performed in Texas are interstate commerce, such that an exemption to the registration requirement might apply. *See* TEX. BUS. ORGS. CODE ANN. § 9.251(9) (Vernon 2008) (transacting business in interstate commerce does not constitute transacting business in this state). A thorough analysis of the specific facts surrounding each foreign entity is necessary to determine whether that entity is transacting business in Texas. We cannot find and resolve questions of fact in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0643 (2008) at 7 n.4. Thus, we cannot determine whether the circumstances described in your questions constitute the transaction of business in this state as a matter of law.

---

[3]You cite three cases in support of your argument that the factual scenarios you propose involve the transaction of business in Texas. *See* Request Letter at 2, nn.3–5. However, these cases do not address Texas foreign entity filing requirements but instead address the federal court diversity jurisdiction statute, which states that a corporation is "deemed to be a citizen of . . . the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1) (West 2006). The Texas Supreme Court has recognized that such jurisdictional issues are separate from and raise different issues than the registration requirements for foreign entities. *See O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 343 (Tex. 1966) (noting that the foreign entity registration requirements relate "to the general intrastate regulation of corporations. This is a different problem from that of a state's power to assert jurisdiction over a nonresident corporation arising out of and limited to its contacts in the forum state."); *see also Retamco Operating, Inc. v. Rep. Drilling, Co.*, 278 S.W.3d 333, 338 n.5 (Tex. 2009) (noting that the foreign entity registration requirements "do not limit the scope of the Texas long-arm statute.").

## S U M M A R Y

Whether a given foreign entity is transacting business in this state, and is thereby required to register with the Secretary of State's office under section 9.001 of the Business Organizations Code, is a fact question that will depend on the specific circumstances of that entity's business in Texas.  Because this office does not find facts or resolve factual disputes in the opinion process, we cannot determine whether the scenarios you propose constitute transacting business in this state as a matter of law for purposes of the foreign entity registration requirement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee